### Sam J. Massie et al. v. C. W. Massie et al.

#### Decided March 27, 1909.

**1.—Will—Forfeiture by Contest.**

A provision in a will of the father that if any of his children contested his will they should forfeit any right to any of the property so devised, was valid, and a child contesting the probating of the will forfeited all rights thereunder and could not recover any of the property devised.

**2.—Same—Election.**

Where the will of the surviving husband treated the land as his separate property, purported to dispose of all his property equally between his children, and provided that if any of them contested the will they should forfeit any right to any of the property so devised, a child was not prevented by the will from asserting his right to such part of the land as he inherited from the mother, if in fact she owned any either as her separate property or an undivided one-half as community; but the child was put upon his election, and having contested the will he elected to recover as an heir of his mother, and could not, in an action for his interest in the land and for partition, recover both as such heir and as devisee under the will.

**3.—Evidence—Contest of Will—Forfeiture.**

The provision in the will that any child contesting the will should forfeit all right to any of the property devised being valid, it was error to exclude records of the probate court showing that one of the plaintiffs in the partition suit had contested the probate of the will.

**4.—Judgment—Partition—Description of Land.**

The judgment partitioning land should show on its face what land is intended to be partitioned.

**5.—Descent and Distribution—Homestead—Partition.**

Upon the death of the mother intestate, her children inherit her community interest in the homestead subject to the homestead interest of the father, and at his death they are entitled to a partition and to have their interest set apart to them.

Error from the District Court of Collin County. Tried below before Hon. B. L. Jones.

*Abernathy & Mangum,* for plaintiffs in error.

*C. W. Massie,* for himself.

RAINEY, Chief Justice.—This suit was brought by defendants in error against the plaintiffs in error to recover a certain tract of land, claiming it as the separate property of their mother through whom they inherited, or in the event they were mistaken in its being the separate property of their mother, then they claimed the land was the community property of their father and mother. They prayed for rents and for partition.

Defendants answered by general denial, and specially that said land was paid for in part with the separate funds of their father, J. A. Massie, and that after the death of Mary A. Massie, their father made valuable improvements on the land and asked an accounting for same. That their father, J. A. Massie, died leaving a will, in which he

claimed the land as his separate property and stipulated therein that if any one of his children should contest the same the one so contesting should forfeit any right to said property by reason thereof, and that C. W. Massie had contested said will.

C. W. Massie by supplemental petition replied that said will is unjust, unlawful, contrary to public policy and not binding, in that he is suing for his mother's property and said will does not attempt to cut him out of anything he inherited from his mother.

The case was submitted on special issues, and upon a verdict being returned the court rendered a judgment decreeing the land to be community property and for partition. Both the plaintiffs in error and defendants in error ask a reversal of the case.

The plaintiffs in error assign as error the action of the court in not admitting as evidence certain records of the County and District Courts relating to the probating of the will of J. A. Massie, offered by plaintiffs in error to show that C. W. Massie, one of the plaintiffs herein, contested the probating of the will. In this we are of the opinion that the court erred. The will treated the land as the separate property of the testator, J. A. Massie, and purported to dispose of all his property equally between his children, and it also provided that if any of his children contested his said will they should forfeit any right to any of the property so devised. This was a valid provision, and if the said C. W. Massie contested the probating of the will in the County or District Court he forfeited all rights thereunder and could not recover any of the property devised by virtue of said will. Besides, his contention in this suit has the effect to defeat the provisions of the will and prevents a recovery by him of any of the property of his father, J. A. Massie, deceased.

The will did not prevent him from asserting his right to the part of the land he inherited from his mother, if in fact she owned it, either as her separate right or an undivided one-half as community property of herself and J. A. Massie. C. W. Massie could not recover both as heir of his mother and as devisee of J. A. Massie. J. A. Massie had no right to will the property of Mary A. Massie, his deceased wife, but having done so and placed the forfeiture clause therein, it put C. W. Massie upon his election, and having contested the will he elected to recover as an heir of his mother, and in this relation only can he recover. It is charged that C. W. Massie recovered both as heir of his mother and as devisee under the will. He was not entitled to recover in both capacities and in this respect the court erred.

The defendant in error, C. W. Massie, complains of the court in not finding rents for him and rendering judgment therefor in his favor. There is no statement in the brief showing the evidence or a synopsis thereof sufficient to enable this court to tell wherein the error of the court below, if any, lies. (Rule 31, Ct. Civ. Apps.)

Upon the death of plaintiffs' mother they inherited her community interest subject to the homestead interest of the father, and at his death they were entitled to a partition of the land and to have their interest set apart to them. If there are any equities that arose by reason of our community laws, the same can be adjusted upon an-

other trial. (Clift v. Clift, 72 Texas, 144; Rice v. Rice, 21 Texas, 66; Furrh v. Winston, 66 Texas, 521.)

Complaint is made of the uncertainty of the judgment in failing to describe the land so that from its face the land can be identified. With the aid of the pleadings the land mentioned in the judgment might be identified, but we think the judgment should be sufficiently specific so as to show on its face what land is intended to be partitioned. The judgment is reversed and cause remanded.

*Reversed and remanded.*