## UPHAM et al. v. UPHAM.
### No. 2566.

Court of Civil Appeals of Texas. Eastland.
Feb. 14, 1947.

Rehearing Denied March 7, 1947.

W. H. Penix, of Mineral Wells, for appellants.

W. O. Gross, of Mineral Wells, for appellee.

LONG, Justice.

Plaintiff, Harry R. Upham, and defendants, James A. Upham, Stephen P. Upham, Sr., Chester R. Upham, Hobart R. Upham, are sons of D. A. Upham, deceased, and of the defendant, Margaret A. Upham. D. A. Upham died on the 31st day of January, 1935, leaving a will by which the larger portion of his estate consisting of real and personal property was bequeathed to his sons, they being named independent executors therein without bond. This suit was brought by plaintiff Harry R. Upham against James A. Upham, Stephen P. Upham, Sr., Chester R. Upham, and Hobart R. Upham, individually and as trustees under the will of D. A. Upham, and the Brazos River Gas Company, Margaret A. Upham, and N. P. Hines for an accounting and a partition of his share of the estate of his father bequeathed to him under such will. Brazos River Gas Company, N. P. Hines, and Margaret A. Upham were made party defendants on the theory that they were in possession of certain books, records and property belonging to the estate of D. A. Upham, deceased. Trial was had before the court without the aid of a jury, and judgment was entered in favor of the plaintiff substantially as prayed for against the four executors of the estate for an accounting, partition and distribution of said estate and against the defendants Brazos River Gas Company and N. P. Hines, with no relief granted as against the defendant Margaret A. Upham, from which judgment all of the defendants except Margaret A. Upham have appealed.

■ This is the third suit that has been filed by the plaintiff against the other executors under the will of D. A. Upham, and by reason of the filing of such suits, the defendants contend that the plaintiff has forfeited all his rights to any benefit under the will of D. A. Upham, deceased, by reason of the following provision in such will, paragraph 9: "It is my will and I here now expressly provide and make it a condition precedent to the taking, vesting, receiving, or enjoying of any property, benefit or thing whatsoever under and by virtue of this will that no such devisee or legatee shall in any manner contest the probate thereof, or question or contest the same, or any part or clause thereof, in any judicial proceeding, and I further will and provide that should any such devisee or legatee so contest or question or in any manner aid in any such contest or questioning, he shall thereupon lose and forfeit all right to any benefit, and all right or title to any property or thing herein directly or indirectly devised or bequeathed to him; and any such right, title, property or thing is now by me expressly given, devised and bequeathed to and shall thereupon vest in such of my devisees and legatees herein as do not so question or contest or give aid in such questioning or contest of this will, or the probate, of any clause or provision thereof, share and share alike."

On May 16, 1938, plaintiff filed suit in the District Court of Palo Pinto County against the other executors of his father's will to construe and enforce certain provisions thereof. The original petition in said cause is not in the record, but the first amended original petition was introduced, and we have made a careful study and examination thereof, it being alleged in such petition that a difference had arisen between the parties as to the proper legal construction of paragraphs 5, 6, and 10 of such will. Paragraph 10 of the will provides: "It is my will and I further direct that the majority of my executors, which shall qualify and be surviving, shall control in all matters, and the acts done by said majority of my executors shall prevail and shall be binding and they shall pass title by deed, bills of sale, assignments, or transfers, as though all the executors had joined therein, and should any of my said executors fail to qualify, or become deceased,

then the others named herein shall constitute my executors and act as such."

Plaintiff alleged that it was the contention of the defendants that under said provision they were empowered to make final and binding decisions on all matters affecting the estate, including the right to interpret and construe said will arbitrarily and to the prejudice and injury of plaintiff. It was further alleged that the other executors had inventoried all of the property of the estate as community property of his father and mother. It was his contention that the property was all the separate property of his father. He further alleged that his mother and brothers had entered into a conspiracy whereby his mother was to take one-half of the property of the estate and then by will bequeath such property to his brothers, thereby defrauding him of his interest in the same.

In such suit, plaintiff also sought a construction of paragraph 6 of the will, which is as follows: "My sons, Harry R. Upham and Hobart R. Upham, though married, have no issue at this time. It is, therefore, my will and I hereby direct that the real and personal property bequeathed to them in Paragraph Four hereof, other than cash, not herein above specially devised, I may have on hand at the time of my decease, shall be held by my executors in trust for a period of ten (10) years, and after deducting all State, Federal and Municipal taxes from time to time, and pro-rate yearly working capital, the balance of the net income from each respective bequest to them be paid to the said Harry R. Upham and Hobart R. Upham respectively from year to year, and should my said last named sons, or either of them, depart this life prior to the expiration of said ten (10) years, my executors are hereby directed to pay his. or their surviving widows Two Hundred Fifty ($250.00) Dollars per month from the net income of the respective shares going to my said sons if that amount be available after deducting taxes of all kinds and yearly working capital; if not available, then the pro-rata part thereof shall be paid monthly to them, so long as they shall remain single, and in the event of their marriage or demise then such share

so going to such son of the two last named aforesaid as may be deceased shall be divided share and share alike among the other legatees named in Paragraph Four hereof per stirpes. At the expiration of ten (10) years the shares herein bequeathed to the said Harry R. Upham and Hobart R. Upham shall be distributed by my executors to them respectively, if living, but if deceased, then to issue of their body living; if no issue living, such devise and bequests shall remain with my executors as trustees until the marriage or death of his or their suviving widows, in which event same shall be divided among the legatees named in Paragraph Four hereof."

It was plaintiff's contention in such suit that under the above provision it was intended to provide an annual income to him, but that although his father had been dead for several years and there was a large income accruing to said estate, that his coexecutors and the trustees under the will had failed and refused to pay him any part of such annual income under the above provision.

Paragraph 5 of the will of D. A. Upham provided as follows: "I do hereby direct and it is my will, that the common and preferred stock of the Brazos River Gas Company, a corporation having its principal domicile at Mineral Wells, Texas, in Palo Pinto County, shall not be disposed of or divided among the legatees herein above named until ten (10) years after my decease, but the same shall be held intact and the management and control shall remain with my executors hereinafter named, and I further direct and it is my will that the corpus of the property of the Brazos River Gas Company shall remain intact and remain the property of said Company, of which the legatees herein above named shall constitute a majority of the board of directors thereof from time to time for the expiration of ten (10) years after my decease, and the balance of my property, subject to the provisions of Subdivision No. Six hereof, real, personal and/or mixed, may be divided and partitioned by my said executors herein after named at such time as a majority of them may deem advisable after my decease."

Plaintiff alleged his father caused certificate C105 for 5,000 shares of the common stock of Brazos River Gas Company to be issued in the name of plaintiff and that the defendants had taken possession of such certificate and were claiming that under the above provision of the will that they had the right to hold this certificate for the ten year period provided therein. He also alleged that a controversy had arisen as to the construction and meaning of said paragraph 5 and prayed the court to construe said provision so that he could have possession of such certificate.

From a careful study of the petition as filed by plaintiff in such suit, we are of the opinion that it was not a contest of the will or any provision thereof. On the contrary, it seems to us that the suit was for a construction of said provisions and to enforce the plaintiff's rights thereunder. The will was silent as to whether the property was considered community or separate. The testator made certain specific bequests to his surviving wife and others. The will provided that the remainder of the estate should be vested in his five sons, share and share like. If the will had disposed of the property of D. A. Upham as community property, and if the deceased had so considered it in writing his will, and the plaintiff in this suit had contested such disposition of the property, the contention of the defendants herein might be tenable. Massie v. Massie, 54 Tex.Civ.App. 617, 118 S. W. 219.

If, as contended by plaintiff, the purpose of paragraph 6 was to provide an annual income to him from the proceeds derived from the assets of the estate, and the trustees had failed and refused to pay him such income, the plaintiff was wholly within his rights in filing the suit to compel them to pay him such income annually. Further the suit by plaintiff for the possession of such share of stock standing in his name was in no sense a contest of the will or any provisions therein. The suit was never tried but was settled by an agreement of all the parties. From an examination of the agreement it appears that the contentions as made by the plaintiff in such suit in a large degree prevailed.

In February, 1946, the plaintiff, Harry R. Upham, filed a suit against his brothers, the other executors under the will of his father, in the Circuit Court of Knox County, Indiana. Plaintiff alleged in that suit the execution and probate of the will and some of its terms. He alleged that plaintiff and the defendants were appointed executors to manage the real estate belonging to the estate for a period of ten years from the date of the death of their father, that said ten-year period in which said real estate could be sold expired on January 6, 1946. He further alleged that they had advertised certain lands located in the State of Indiana for sale contrary to the rights of the plaintiff, and that they had no power to sell said real estate. Plaintiff asked for appointment of a receiver and a commissioner to sell the real estate and for an accounting for all rents and profits derived therefrom.

The defendants entered their appearance in said suit and agreed that the property might be sold but objected to the appointment of a receiver. The property involved in this litigation was ordered sold by the Court in Indiana, and such order was being carried out at the time this instant case was being tried in Palo Pinto County. The executors contend that by reason of the filing of such suit, the plaintiff has forfeited his rights to any of the property devised to him under the will of D. A. Upham, deceased, by virtue of the provisions of Section 9 of the will heretofore set out in this opinion. The suit was filed in February, 1946, which was after January 6, 1946, the date on which the defendants contend the trust expired. As we view the allegations in the petition, the same is not a contest of the will in any respect, and by virtue of the filing of the same, the defendant did not forfeit any of his rights under the will.

The defendants further contend that, by reason of the filing of the instant suit by the plaintiff, he has forfeited all of his rights under the will of his father by virtue of the provisions of Section 9 thereof. We are of the opinion that this contention is not well taken, and it is overruled.

As will be seen under provisions of the will, the shares of the estate bequeathed to Harry R. Upham and Hobart E. Upham were placed in trust to be held by the executors of the estate for a period of ten years, and that at the expiration of the ten years, such shares were to be distributed by the executors to Harry R. Upham and Hobart E. Upham in the event they were living at such time. By a codicil of the will duly executed, the provision set out in the will whereby the widows of Harry and Hobart were to receive certain payments in the event of the deaths of Harry and Hobart, or either of them, was revoked and provision was made for the payment of such shares to the other legatees then living. It·is the contention of the defendants that the ten-year period that such shares should be held in trust began to run from the date that the last executor under the will qualified. James A. Upham, Stephen P. Upham, Sr., and Harry R. Upham qualified as executors on the 27th day of December, 1935. Hobart and Chester qualified on the 6th and 7th days of January, 1936, respectively.

D. A. Upham owned a large block of the common and preferred stock of the Brazos River Gas Company, a corporation with its principal place of business at Mineral Wells in Palo Pinto County, Texas. The will provided that such stock should not be disposed of or divided among the legatees until ten years after the death of D. A. Upham. In the same paragraph of the will which provided for the holding of such stock intact for a period of ten years after the death of D. A. Upham, there was a further provision that the balance of the property of the estate might be divided and partitioned by the executors at any time that a majority of them might deem advisable, subject to the provisions of paragraph 6 of the will. Paragraph 6, which has been heretofore set out, specified that the shares of the estate bequeathed to Harry and Hobart should be held by the executors in trust for a period of ten years. Construing the paragraphs together and the entire will, we have concluded that the testator intended that the shares bequeathed to Harry and Hobart should be held in trust for a period of ten years from the date of the death of such testator. Under such holding, the plaintiff in the instant case was justified in filing the suit and asking for an accounting and distribution of the estate.

We are of the opinion that neither of the suits filed by plaintiff was a contest of the will or any of its provisions and that he has not forfeited any of his rights under the will by reason of having instituted these suits. 44 Tex.Jur. 845; 5 A.L.R. 1372, and cases therein cited.

Defendants filed pleas in abatement alleging that the trust period did not expire until December 27, 1945, or in any event, not before January 7, 1946, and asked that the suit be abated on the ground that it was prematurely brought. Plaintiff filed his third amended original petition on March 4, 1946; therefore, if there had been any question as to the suit being prematurely brought, the defect was cured by the filing of such amended petition. 1 Tex. Jur. 686; National Life Ins. Co. of U. S. A. v. Mouton, Tex.Civ.App., 242 S. W. 782; Foley v. Houston Co-op & Mfg. Co., Tex.Civ.App., 106 S.W. 160; Dalton v. Raincy, 75 Tex. 516, 13 S.W. 34.

By other points defendants contend that the District Court had no jurisdiction to order a partition of the estate of D. A. Upham. We do not agree with this contention. Under the terms of the will the trust created therein terminated ten years after the death of D. A. Upham; he having died on January 31, 1935, the trust terminated on February 1, 1945, and the plaintiff was entitled to have the assets of the estate distributed. We do not construe the terms of the will to mean that the executors could indefinitely postpone the partition and distribution of the estate. All of the debts of the estate and the legacies provided in the will had been paid. The executors failed to distribute and disburse the assets of the estate, and it is our opinion that the District Court had the authority to direct them so to do. Cleveland v. Cleveland, Tex.Civ.App., 30 S.W. 825; 14 Tex.Jur. 568 (and cases cited therein). The trial court found that part of the estate was susceptible of being partitioned in kind, and that a portion

of the assets could not be so partitioned, and appointed a commissioner to sell that portion of the estate that could not be partitioned in kind and to divide the proceeds thereof between the devisees under the will. The property of the estate that could be partitioned in kind consisted of stock in the Brazos River Gas Company, the Northern Natural Gas Company, and other corporations, together with money on deposit in various banks and oil runs from various oil wells.

■ The court in his judgment directed the defendants to draw checks on the banks and execute division orders covering the oil runs and transfers of the stocks owned by the estate in the different corporations to the plaintiff covering his one-fifth interest in the estate. The judgment further provided that if the defendants failed to execute the necessary instruments to bring about a partition and division of the estate between the plaintiff and his brothers, then in that event the plaintiff was authorized to execute the necessary instruments and transfers and the defendant, N. P. Hines, who was shown to be an officer of the Brazos River Gas Company, was also directed to execute certain instruments necessary to bring about a partition and division of the estate.

The record discloses that three of the executors are not residents of the State of Texas and are therefore not subject to the orders of the court in a contempt proceeding. In other words, if the executors who were not residents of the state fail and refuse to carry out the orders of the court, in that event the court would have no authority to punish them for contempt. The court had the power to make its judgment effective, and we can see no good reason why it would not have the authority to enter such orders as were necessary to carry out its judgment.

As we view the record, the defendants could not be injured in any manner by this portion of the judgment. When the judgment becomes final, the executors will have an opportunity to carry out its terms and to distribute the proceeds of the estate as therein directed. We presume that the executors will not violate the order of the court but will in all respects abide by its directions. Therefore, it will never be necessary for the provisions of the judgment of which defendants complain to be carried into effect. Defendants' point complaining of this portion of the judgment is overruled.

The trial court upon motion of the defendants retaxed all costs incurred prior to January 8, 1946 against the plaintiff. We believe this was error. It is our opinion that the trust expired February 1, 1945, and that the suit was not prematurely brought. The judgment of the trial court in this respect is reformed, and all costs incurred prior to January 8, 1946, are adjudged against the defendants, except Margaret A. Upham.

The judgment of the trial court is reformed, and as reformed is in all things affirmed.