SCHIFFER *v.* BRENTON.

1. WILLS—PROVISION FOR FORFEIT OF BEQUEST TO CONTESTING LEGA-
    TEES VALID—GIFT OVER—GOOD FAITH OF CONTEST IMMATERIAL.
    Provision in will that if children or other legatees named con-
    tested will they should not receive legacy or bequest, but that
    it should go to ones not contesting, is valid and enforceable,
    and applies to devises of real estate and bequests of personal
    property, irrespective of whether there is gift over and of
    good or bad faith of contest.

As to what constitutes contest or attempt to defeat will within
provision thereof, forfeiting share of contesting beneficiary, see
annotation in 21 L. R. A. (N. S.) 953; 39 L. R. A. (N. S.) 1160;
5 A. L. R. 1370; 14 A. L. R. 609; 26 A. L. R. 764.

2. SAME—FORFEITED BEQUEST TO GO ONLY TO THOSE WHO COULD HAVE CONTESTED BUT DID NOT—INTENT.

> Under provision in will that if children or other legatees named contested will they should not receive legacy or bequest, but that it should go to ones not contesting, *held*, to be intent of testator that forfeited bequests should go to those named in will who could have contested it but did not, and therefore a friend, to whom was given some second-hand furniture, was not entitled to share in bequests to testator's sons forfeited by their contest, since he could not have contested had he so desired.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 11, 1929. (Docket No. 121, Calendar No. 34,447.) Decided July 8, 1929.

Bill by Lillian Brenton Schiffer, executrix of the last will and testament of Samuel Brenton, deceased, against Arthur S. V. Brenton and others, for construction of said will. From a decree for defendants, plaintiff and defendant Folsom appeal. Reversed.

*Lightner, Oxtoby, Hanley & Crawford,* for appellant Lillian Brenton Schiffer.

*Peter P. Boyle,* for appellant Edward G. Folsom.

*Maurice Fitz-Gerald* and *Frederick P. Hempel,* for other defendants.

FELLOWS, J. Plaintiff is the daughter of Samuel Brenton, deceased, and is the executrix of and beneficiary under his will. There has been no distribution of the estate, and the construction and validity of two clauses of the will were involved in this case. One was of minor importance, and the decree as to it is acquiesced in by all parties. The other question is of importance, both in amount involved and

in principle, and has not been passed upon by this court. This question arises under these circumstances. Arthur and Willis, sons of deceased, were each given $10,000 by the will. They contested the admission of the will to probate, but upon a trial in the circuit the will was sustained and judgment to that effect was there entered. From this judgment, there was no appeal. The sixteenth clause of the will is as follows:

"16. It is my will that if either of my children, Arthur S. V. Brenton, Willis L. Brenton, Lillian Brenton Schiffer or any other legatees named in this will shall contest this, my last will and testament that they shall not receive the legacy or bequest given them in this will and that the bequest and legacy that would have gone to the one so contesting shall be divided among the ones not contesting this, my last will and testament, share and share alike."

We are here concerned with (1) the validity of this clause, and, if valid, the further question arises, (2) Upon whom do these legacies devolve? The clause was held to be void on the hearing in the court below as against public policy, and the plaintiff and one of the beneficiaries under the will have appealed.

1. Textwriters and some of the courts state that the decisions dealing with the validity of clauses of similar purport to the one before us are in utter confusion. Some confusion may upon the surface appear. We think on the main question of the validity of such provisions, such confusion is more apparent than real, and that the confusion is minor and not major. Some cases hold that such clauses are declarations *in terrorem* and not enforceable as to personal property unless there is (as here) a gift over, although at the same time valid without a gift over as to real estate, while other courts, and a vast

majority of them, hold that whether there is a gift over or not such clauses are enforceable. In New York the validity of such clauses is upheld, but held to be inapplicable to minors (*Bryant* v. *Thompson*, 14 N. Y. Supp. 28), while in Kentucky, their validity is sustained and they are held to be applicable to minors (*Moorman* v. *Louisville Trust Co.*, 181 Ky. 30 [203 S. W. 856]).

While differences on minor questions exist, in the main the decisions are well nigh unanimous that such conditions in wills are valid and that they are conditions subsequent and enforceable. Some courts, as we shall presently see, seek to and do engraft so-called exceptions on the rule which tend to weaken its effect and retard its enforcement. In 28 R. C. L. p. 315, it is said:

"Considerable confusion and uncertainty appear in the cases as to the validity of a condition in a testamentary disposition providing for the forfeiture of devises or bequests in case the beneficiaries contest the will, but according to the weight of authority a condition of this character is not considered as opposed to public policy, but is recognized and enforced, both as to real and personal property, and even in the absence of a gift over, because the devisee, electing to take under the will, must take subject to the condition prohibiting a contest."

The leading English case is *Cooke* v. *Turner*, 15 M. & W. 727. The validity of a similar clause was upheld, and, considering the question of public policy, it was said:

"There is no duty on the part of an heir, whether of perfect or imperfect obligation, to contest his ancestor's sanity. It matters not to the State whether the land is enjoyed by the heir or the devisee; and we conceive, therefore, that the law leaves the parties to make just what contracts and what

arrangements they may think expedient, as to the raising or not raising questions of law or fact among one another, the sole result of which is to give the enjoyment of property to one claimant rather than another. The question, whether this proviso is a proviso void as being contrary to the policy of the law, may be well tested by considering how the case would have stood, if, instead of a condition subsequent, it had been made, as in substance it might have been made, a condition precedent."

The language of the Supreme Court of the United States in *Smithsonian Institution* v. *Meech,* 169 U. S. 398 (18 Sup. Ct. 396), is clear, forceful, and convincing. After quoting from *Beall* v. *Schley,* 2 Gill (Md.), 181 (41 Am. Dec. 415), and speaking through Mr. Justice Brewer, it was said:

"The propositions thus laid down fully commend themselves to our approval. They are good law and good morals. Experience has shown that often after the death of a testator unexpected difficulties arise, technical rules of law are found to have been trespassed upon, contests are commenced wherein not infrequently are brought to light matters of private life that ought never to be made public, and in respect to which the voice of the testator cannot be heard either in explanation or denial, and as a result the manifest intention of the testator is thwarted. It is not strange, in view of this, that testators have desired to secure compliance with their dispositions of property and have sought to incorporate provisions which should operate most powerfully to accomplish that result. And when a testator declares in his will that his several bequests are made upon the condition that the legatees acquiesce in the provisions of his will, the courts wisely hold that no legatee shall without compliance with that condition receive his bounty, or be put in a posi-

tion to use it in the effort to thwart his expressed purposes.''

We shall quote at length from but one other decision which sustains the full enforcement of the rule, one from the Supreme Court of Iowa, *Moran* v. *Moran,* 144 Iowa, 451 (123 N. W. 202, 30 L. R. A. [N. S.] 898). In that case it was said:

''Without taking time to cite the cases, it may be said that some courts incline to the view that such conditions are valid only in cases where the testator names some third person to receive the legacy in the event of a breach of the condition by the legatee first named. Others sustain all such conditions attached to devises of real estate, but hold there must be a gift over upon its breach in order to make valid a condition of the same kind attached to a bequest of personalty. A few courts have held the condition inoperative where the beneficiary has probable cause for the contest of the will, while still others reject all these distinctions as arbitrary, and hold the condition valid and enforceable in all cases, whether the gift be of realty or personalty, and without regard to the cause or ground of contest. The latter view appears to be the one now generally held, and to our minds is most in consonance with reason and sound principle. * * * For ourselves we can not believe that public interests are in any manner prejudiced or the fundamental rights of any individual citizen in any manner violated by upholding a gift or bequest made on condition that the donee waive or release his claim to some other property right, or even upon condition that he observe some specified line of personal conduct not in violation of law, or contrary to good morals. The donee is under no compulsion to accept the gift. He is free to elect. The question he has to decide is the ordinary one which arises in nearly every business transac-

tion—whether the thing offered him is worth the price demanded. The owner of property may give or refrain from giving. He may attach to his offer such lawful conditions as his reason, caprice, or malice may dictate, but he is dealing with his own, and the donee, who claims the benefit of the gift, must take it, if at all, upon the terms offered."

See, also, *Bradford* v. *Bradford,* 19 Ohio St. 546 (2 Am. Rep. 419); *In re Barandon's Estate,* 84 N. Y. Supp. 937 (41 Misc. Rep. 380); *Estate of Hite,* 155 Cal. 436 (101 Pac. 443, 21 L. R. A. [N. S.] 953, 17 Ann. Cas. 993); *Estate of Miller,* 156 Cal. 119 (103 Pac. 842, 23 L. R. A. [N. S.] 868); *Massie* v. *Massie,* 54 Tex. Civ. App. 617 (118 S. W. 219); *Thompson* v. *Gaut,* 14 Lea (Tenn.), 310; *Donegan* v. *Wade,* 70 Ala. 501; *Hoit* v. *Hoit,* 42 N. J. Eq. 388 (7 Atl. 856, 59 Am. Rep. 43); *Kayhart* v. *Whitehead,* 77 N. J. Eq. 12 (76 Atl. 241); 40 Cyc. p. 1705.

Our attention has been called to no case, and we have found none worthy of discussion, that does not recognize the validity of such provisions in wills. As we have noted, some of the cases limit its application. But there is a line of decisions, and they come from courts of high standing, to which we many times look for guidance, but which in this instance we cannot follow, which recognize the rule but decline to enforce it unless the contest against the will is made by the beneficiary in bad faith; see *Re Keenan,* 188 Wis. 163 (205 N. W. 1001, 42 A. L. R. 836); *Friend's Estate,* 209 Pa. St. 442 (58 Atl. 853, 68 L. R. A. 447); *Tate* v. *Camp,* 147 Tenn. 137 (245 S. W. 839, 26 A. L. R. 755) (somewhat modifying, we think, *Thompson* v. *Gaut, supra*); *Rouse* v. *Branch,* 91 S. C. 111 (74 S. E. 133, 39 L. R. A. [N. S.] 1160, Ann. Cas. 1913E, 1296). Of these cases the Pennsylvania case is most frequently referred to.

It was decided by a divided court. In that case the court recognized the rule in the following language:

"It is not to be questioned that it was competent for the testatrix, possessing the absolute power to dispose of what she possessed just as she pleased, to impose the condition upon which the appellants rely in asking that their brother shall be deprived of all interest in her estate; and it is equally clear, in view of his attempt to annul her will, that the burden is upon him to show that he now ought to have what it gives him. Such conditions to testamentary gifts and devises are universally recognized as valid, and, by some courts, enforcible without exception."

But the court held that the rule was not applicable where the contest against the will was made in good faith and was not "the mere vexatious act of a disappointed child or next of kin." The other cases cited follow the same line of reasoning. We can not follow the logic, the result reached, or the policy of this line of reasoning. If the rule is that provisions of this character in wills are valid and enforceable, and practically every court speaking on the subject so holds, the rule is a rule of property and should be enforced irrespective of the good or bad faith of the contestant. Such provisions serve a wise purpose; they discourage a child from precipitating expensive litigation against the estate, and encourage and reward other children in their effort to sustain their parent's disposition of his property if such contest is precipitated; they discourage family strife, they discourage litigation, and the law abhors litigation. Take the *Friend Case* as an example. Porter C. Friend, the son, contested the will unsuccessfully, and carried his contest to the court of last resort. Having failed to set aside the will, he then insisted on his right to take under it notwithstanding his

breach of its conditions, basing such claim on the ground that his contest was in good faith and for that reason the rule did not apply. That case likewise went to the Supreme Court, and that court sustained his contention, and the decision after two pieces of litigation expensive to the estate gave him that which his father, in a valid will, said he should not have if he breached the condition. The logic of such holding does not appeal to us.

*South Norwalk Trust Co.* v. *St. John*, 92 Conn. 168 (101 Atl. 961, Ann. Cas. 1918E, 1090), would not, if followed, help defendants. The Connecticut court recognized both the rule and the exceptions, but holds that, to bring the contestant within the exception, he must establish his good faith. In the instant case, there was no testimony taken on the subject of good faith. Whether properly or not we need not decide, but both parties seem to proceed on the theory that in the absence of any testimony good faith would be presumed. *Whitehurst* v. *Gotwalt*, 189 N. C. 577 (127 S. E. 582), is an interesting case. There was a clause similar to the one before us. The beneficiaries under the will divided into three camps, one to contest the will, another to actively procure its allowance, and the third to watch the contest from the side lines, to be neutral. The will was sustained, and the court held that the contestants had forfeited their interest under the will and that those active in sustaining the will should take it and that the neutrals should take what the will gave and no more. Doubtless justice was administered.

We hold unequivocally that provisions of the character of the one before us are valid and enforceable, that they apply both to devises of real estate and bequests of personal property, irrespective of whether there is a gift over or not, and likewise irrespective of the good or bad faith of the contest.

2. Under the will, Dr. E. G. Folsom was given "whatever office furniture and safe he may select at my sanitarium." The executors were directed to rent testator's office to Dr. Folsom at reasonable rent. He was named defendant in the bill together with all others mentioned in the will, many of whom were minors. He appealed from the decree, and here insists that inasmuch as he and plaintiff alone appeal, the decree of the court below is binding on all the other defendants, and that the $20,000 given the two sons should be divided equally between him and plaintiff. We can not sustain this claim. Having in mind the entire will, the clause in question, and the situation of the parties, we are clearly of opinion that the testator, when he directed the division of the $20,000 "among the ones not contesting" his will, had in mind those who could have contested it but did not. To hold that the testator intended that this friend, to whom he gave some second-hand furniture, should take $10,000 given to a son and forfeited by him by his contest would overlook the cardinal rule of construction that the intent of the testator, if ascertainable, should control. Dr. Folsom was a stranger to the blood, had no interest in the estate, and could not have contested the will if he had so desired. We hold that the testator intended by his will that the forfeited sum should go to the ones who could have contested but who did not.

It follows that the portion of the decree appealed from will be reversed, and a decree will be here entered in accordance herewith. Plaintiff will have costs of both courts against defendants Arthur S. V. Brenton and Willis L. Brenton.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.