SAIER v. SAIER.

1. WILLS—CONTEST—INTENT—EVIDENCE.

Whether or not evidence presented in suit to bar a son from participating in the distribution of testatrix's estate, where will contained a penalty clause against contest depends upon the intent of the testatrix in making the will (CL 1948, § 702-.24).

2. SAME—CONDITION AGAINST CONTEST—STRICT CONSTRUCTION.

A testamentary condition against contest of the will, even when valid, is punitive and construable strictly (CL 1948, § 702.24).

3. SAME—CONDITION AGAINST CONTEST.

A testamentary condition against contest of the will may be upheld as valid in this State (CL 1948, § 702.24).

4. SAME—CONSTRUCTION OF CONTEST CLAUSE.

Will, obviously drawn by a lawyer of skill, which did not contain a clause disinheriting a beneficiary by words of broad or non-technical nature indicating an intent to forfeit a legacy of one who, though not an actual contestant might openly sympathize with, or otherwise assist and abet an actual contestant, but providing that "the person or persons so contesting or attempting to contest shall receive no portion of my estate" and disposing of such contestant's share to other residuary legatees or devisees, is construed as referring to a contest or

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills § 1133.
[2] 57 Am Jur, Wills § 1511.
[3] 57 Am Jur, Wills § 1512.
Validity of provision of will for forfeiture in case of contest. 67 ALR 52.
[4] 57 Am Jur, Wills §§ 1511, 1513.
Prosecution of action or claim against estate by beneficiary as forfeiture of share in will by virtue of clause therein so providing. 30 ALR 1014.
What constitutes contest or attempt to defeat will within provision thereof forfeiting share of contesting beneficiary. 49 ALR2d 198.
[5] 57 Am Jur, Wills § 1503.
[6] 57 Am Jur, Wills § 774.
[7, 9] 57 Am Jur, Wills § 1503.
What constitutes contest or attempt to defeat will within provision thereof forfeiting share of contesting beneficiary. 49 ALR 2d 198.
[8] 57 Am Jur, Wills § 1120.

attempt at contest by an actual litigant contestant who, by notice of contest in probate court or equitable proceeding, attempts to nullify or defeat what the testatrix has declared to be her will (CL 1948, § 702.24).

5. SAME—CONSTRUCTION OF FORFEITURE.

Forfeiture provisions of a will are to be strictly construed, and forfeiture avoided if possible, and only where the acts of the parties come strictly within the express terms of the punitive clause of the will may a breach thereof be declared.

6. SAME—CONTEST.

The *contest of a will*, as the term is used in this State, is purely statutory and the right may be exercised only in accordance with and within the limitations prescribed by statute, a *contestant* usually being one who files written objections in probate court and so frames the triable issue (CL 1948, § 702-.24).

7. SAME—CONTEST—FORFEITURE.

Generally, a provision in a will forfeiting a share of a contesting beneficiary is inapplicable to occasion the loss of a share of a legatee or devisee who does not initiate a contest, even though he may participate therein (CL 1948, § 702.24).

8. SAME—CONSTRUCTION—TECHNICAL MEANINGS.

Words in wills drawn by one learned in the law, will, in the absence of intent to the contrary, be given their accustomed technical meaning according to common legal usage thereof.

9. SAME—CONTEST—CONSTRUCTION OF FORFEITURE CLAUSE.

Defendant in suit to bar him from participation in his mother's estate through application of provision in her will, drawn by an attorney, that "the person or persons so contesting or attempting to contest shall receive no portion of my estate" *held*, not subject to disinheritance thereunder, where he himself did not become a titular *contestant* of the will, since he had a right to rely upon the thoroughly mature rule of strict construction of forfeiture provisions, notwithstanding his continuously litigious and visibly spiteful conduct had so irritated and exasperated all concerned with the estate as to convince even probate and circuit judges that he did, by such conduct, contest or attempt to contest his mother's will within the meaning of the forfeiture clause (CL 1948, § 702.24).

10. COSTS—COURT RULES—BRIEFS.

No costs are allowed appellant in will contest for gross violations of court rule respecting brief (Court Rule No 67 [1945]).

Appeal from Ingham; O'Neill (James E.), J., presiding. Submitted January 10, 1962. (Docket No. 73, Calendar No. 48,925.) Decided May 18, 1962.

Bill by Edward H. Saier and Lloyd D. Parr, co-executors of the estate of Jessie E. Saier, deceased, and Ruth K. Medendorp and Dorothy Irene Shaft against Herbert E. Saier and Josephine M. Saier to bar Herbert E. Saier from share in estate because of assistance given by him to his brother, Harry E. Saier, in connection with contest of will. Decree for plaintiffs. Defendant Herbert E. Saier appeals. Reversed and remanded for dismissal of bill.

*Glassen, Parr, Rhead & McLean (Harold W. Glassen,* of counsel), for plaintiffs.

*Herbert E. Saier, in propria persona.*

Black, J. Jessie E. Saier's will named her son, defendant Herbert E. Saier, as one of several beneficiaries. The will, ultimately admitted to probate after attempted contest by another son, Harry E. Saier (see *In re Saier Estate,* 342 Mich 587),[*] included a fairly typical penalty against contest reading as follows:

"11. Should any one or more of my children or anyone claiming under them or either of them or should any beneficiary in this my last will and testament contest or attempt to contest the admission to probate of this my last will and testament, the person or persons so contesting or attempting to contest shall receive no portion of my estate, and the share or portion that would have otherwise passed to such

---

[*] Harry E. Saier's contest did not come to trial. Harry's contest was dismissed, by order of the Ingham county probate court, for reason that Harry, by the agreement shown in the opinion of *Saier, supra,* had rendered himself ineligible as a contestant. The probate order of dismissal was affirmed in circuit and affirmed here.

contestant or contestants shall pass to the other residuary legatees or devisees in this my last will and testament not so contesting or attempting to contest."

Plaintiffs' bill was filed in the Ingham circuit, by the 2 coexecutors of the will and 2 other beneficiaries named therein, to bar defendant Herbert E. Saier from benefit under the will. The bill assigned that defendant Herbert E. Saier had contested or attempted to contest such will in violation of foregoing clause 11 thereof.

Showing was made by plaintiffs of that which they claim amounted to a contest or attempted contest within meaning of said clause 11. The showing was offered in support of their general allegation that defendant Herbert E. Saier was the real contestant even though his brother Harry E. Saier was the statutory contestant. Following the taking of considerable testimony, the chancellor prepared and filed a terse opinion and order concluding as follows:

"The court further finds that the material facts charged in the bill of complaint are true and that defendant, Herbert E. Saier, did contest or attempt to contest the admission to probate of the last will and testament of Jessie E. Saier, now deceased, and that in accordance with paragraph 11 of said will said defendant Herbert E. Saier, having so contested or attempted to contest shall receive no portion of said estate and that the portion of said estate which would have passed to defendant, Herbert E. Saier, but for his aforesaid acts, shall be divided and distributed as follows:

"(a) 1/3 to defendant, Josephine M. Saier;

"(b) 1/6 to Ruth Mary Keast, now Ruth K. Medendorp;

"(c) 1/6 to Dorothy Irene Shaft;

"(d) 1/3 to Edward H. Saier.

"It appearing that all other portions of said will are clear and unambiguous and the construction thereof not in question,

"It is ordered that the distribution of said estate be made in accordance with the will and with this decree."

Defendant Herbert E. Saier appeals. Shortly after submission of such appeal we entered an order requesting that the chancellor prepare and submit a supplemental opinion. Such order, dated January 29, 1962, reads:

"Upon consideration of the briefs and appendices of the parties, and the opinion of the circuit judge dated August 2, 1960, it is ordered that the original record be remanded to the Ingham county circuit court for preparation, by the trial chancellor, and filing as a part of such record, of a supplemental opinion disclosing in comprehensive detail such finding of facts and inferences as formed the basis of the chancellor's conclusion that defendant Herbert E. Saier contested or attempted to contest within the meaning of paragraph 11 of Mrs. Saier's will. When such supplemental opinion is filed the county clerk will return the supplemented record to this Court, whereupon decision of defendant Herbert E. Saier's appeal will be made without further argument or preparation of briefs."

Under date of February 26th the chancellor prepared and filed his supplemental opinion. The opinion discloses fully the nature of plaintiffs' proofs and the conclusions reached by the chancellor therefrom (see appendix), and it points up a decisive question of law which turns upon a conceded and pivotal fact, that is, appellant at no time undertook, by statutory notice of contest or other proceeding brought by him, to contest his mother's will.

The stated and agreed question is whether appellant did, as charged, contest or attempt to contest

his mother's will within meaning and purpose of clause 11 thereof. We hold that he did not, and stress that the question is usual in that its answer depends upon the intent of the maker of a testament.

In the first place all authorities agree that, even in those jurisdictions where conditions against contest are held valid,* such conditions are punitive and construable strictly. See annotation, "What constitutes contest or attempt to defeat will within provision thereof forfeiting share of contesting beneficiary," 49 ALR2d 198, 203, 204; also 3 Page on Wills (Lifetime ed), § 1306, pp 819, 820.

In the second place this will, manifestly drawn by a lawyer of skill, includes no words of broad or nontechnical nature from which one might fairly conclude that the testatrix intended to forfeit the legacy of a beneficiary who, though not an actual contestant, might openly sympathize with, act as a witness for, or otherwise assist and abet the contest of an actual contestant. In a word, we look upon the expression "contest or attempt to contest" as having been employed as lawyers usually employ it and so advise their clients, that is, as referring to a contest or attempt at contest by an actual litigant contestant who, by notice of contest in probate court or equitable proceeding, attempts to nullify or defeat what the testator has declared to be his will.†

As the annotator writes (49 ALR2d 204), "Forfeiture provisions in a will are to be strictly construed, and forfeiture avoided if possible, and only where the acts of the parties *come strictly within the express terms of the punitive clause* of the will *may a breach thereof be declared.*" Page goes on to say (3 Page on Wills, *supra,* pp 821, 822):

---

* Michigan is one of the States which uphold validity of such punitive provisions. See *Schiffer* v. *Brenton,* 247 Mich 512, unanimous opinion written by Fellows, J.

† See CL 1948, § 702.24 (Stat Ann 1943 Rev § 27.3178[94]).

"Mere preparation of a contest, presenting a claim against the estate, suing to recover dower, contending for a construction adverse to the interests of the other beneficiaries, filing a bill to have the will construed, appearing as defendant in a suit for construction, applying for administration as in intestacy, and objecting to probate on the ground that testator's domicile is in another State, objecting to probate on the ground that proceedings were commenced in the wrong county, cross-examining at probate, filing objections and suing executor to recover property which was disposed of by the will, entering a voluntary appearance at contest, failing to deny an allegation of undue influence raised by a contestant in a proceeding in which beneficiary is a party, testifying, producing in court without subpoena papers used by contestant, testifying as a witness, without a subpoena, and expressing a hope that the contestant would prevail, stating in open court, through attorney, that beneficiary would like to see the contest succeed because he would receive more under a previous will, selling his interest under the will, contributing to expenses of contest after it has been instituted by others, where beneficiary had no part in instituting the proceedings, or presenting a later invalid will for probate providing it is not done in bad faith, none of them amount to contest of the will under such a condition."

This is not to say, of course, that a testator may not direct forfeiture of the legacy of one who, by indirection, seeks to harass or frustrate his will. If Mrs. Saier had assumed to advise in appropriate language that she desired to forfeit the legacy of any beneficiary who by litigation or in any other way might interfere with or impede the administration of her estate, or who by litigation or in any other way might annoy or nettle unto total distraction any party concerned with her estate, whether as beneficiary, fiduciary or counsel for fiduciary, or

even the probate judge himself, then the judiciary would be obligated to carry out such desire. For instance, and if as *In re Breene's Will*, 21 NYS2d 531 (cited to us by plaintiffs), Mrs. Saier had provided that

"If any person named in this my last will and testament shall directly or indirectly institute or become an acting party to any proceedings to set aside, interfere with, or make null any provision of this will or to offer any objections to the probate thereof or shall in any manner directly or indirectly contest the probate thereof, then and in that event I revoke the provisions of this, my will, in his or her or their favor;"

a different situation would have been presented. Such desire not having been evinced, and the rule of strict construction being in constant mind, we are constrained to hold that the expression "contest or attempt to contest" was employed by Mrs. Saier— with the advice of counsel*—as and for what is commonly used and accepted in Michigan law offices, that is, a technically definitive legal term referring to actual contest or attempted actual contest by litigation started in court. This accords with the general rule:

"It may be laid down as a general rule, subject to certain limitations hereinafter noted, that a provision in a will forfeiting a share of a contesting beneficiary is inapplicable to occasion the loss of the share of a legatee or devisee who does not initiate a contest, even though he may participate therein." 57 Am Jur, Wills, § 1514, p 1028.

---

* In Michigan legal parlance the contest of a will is purely statutory and the right may be exercised only in accordance with and within the limitations prescribed by statute (*In re Estate of Meredith*, 275 Mich 278, 292 [104 ALR 348]). Further, a will "contestant" is usually one who files written objections in probate court and so frames the triable issue (*In re Reid's Estate*, 248 Mich 360, 366, 367, 370, 371).

. The rule is that where a will has been drawn by one learned in the law, the words employed will in the absence of evidence of intent to the contrary be given their accustomed technical meaning according to common legal usage thereof. See 57 Am Jur, Wills, § 1151, Technical Words and Phrases, p 749; 4 Page on Wills (Bowe-Parker Rev), § 30.9, p 63.

Turning finally to the only Michigan case wherein a similar question has come to decision: *Richards* v. *Piefer,* 229 Mich 609. In that case it was held under a "no contest" provision (of broader wording than that of said clause 11) that the accused beneficiary, not having made of herself an actual contestant, did not violate the condition by assisting an actual contestant to the extent shown in the Court's opinion. Here is the conclusion reached (p 618):

"This Court has never had before it a case similar to the instant case, and the diligence of counsel has not enabled them to produce an authority on all fours with the instant case, though the case of *Haradon* v. *Clark,* 190 Iowa 798 (180 NW 868), is nearly so. See, also, *In re Bergland's Estate,* 180 Cal 629 (182 P 277, 5 ALR 1363). We think the record does not bring Mrs. Piefer within the seventh paragraph of the will."

Having been referred thereto authoritatively, we consider the cited cases of *Haradon* and *Bergland.* In *Haradon* the testator's punitive condition was that "In case any heir or legatee named herein should contest this will, they shall receive only the sum of $10 out of my estate." The court found that the assailed legatee "did not join in the objections filed to the admission of the will to probate, did not employ counsel or contribute to the expense of the contest, but appeared as a witness, without subpoena, at the request of contestants and testified in their behalf," and then proceeded to say: .

"Proceedings to contest a will are purely statutory. Section 3283 of the code provides that—

" 'When the probate of a will is contested, either party to the contest shall be entitled to a jury trial thereon.'

"The statute does not provide that one contesting must file a formal pleading, but it does contemplate that the grounds upon which objections to the admission of the will to probate are based shall be stated. A contestant is, of course, ordinarily one joining in the written objections filed, but whether he might, by his acts and conduct, become such without this formality, we have no occasion now to decide. As stated, it is not shown that Arthur J. Clark contributed to the expense of the litigation, or that his relation to the contestants was more than that of a sympathetic legatee, interested in the favorable result of the contest.

"In our opinion, he was not, within the meaning of the sixth clause of the will, a contestant, and the judgment of the court below is affirmed."

In *Bergland* the no-contest provision recited that "it is my positive instruction that should any one or more of the beneficiaries named in this will object to the disposition as made, or attempt to defeat the provisions of this will that said person or persons shall receive the sum of $5 each and no more."

The defendant beneficiary attempted to probate a subsequently dated instrument which, though learned later to be spurious in fact, she then believed genuine. Her petition for probate of such instrument was later withdrawn. It was claimed that she had violated the no-contest clause. The court said (pp 635, 636):

"In the words 'attempt to defeat' lies the idea of action taken for the purpose of defeating the provisions of the will. A direct contest of the validity of the will would, of course, be such action regardless of the good or bad faith of the beneficiary, and such

was the ruling in *Estate of Miller,* 156 Cal 119 (103 P 842, 23 LRA NS 868). So, also, would be an attempt to accomplish the same result indirectly, as by seeking to probate a later instrument, known to be false. In such a case the primary purpose is to defeat the provisions of the real will. But it is easy to conceive of a beneficiary offering for probate purely through a sense of duty to the decedent what he believes to be the genuine expression of the testator's last desire without any purpose whatever of defeating a prior will and without any interest in defeating it."

To recapitulate: The error below became fully understandable as the members of this Court listened to appellant's bitterly bombastic oral argument January 10th last. By his continuously litigious and visibly spiteful conduct appellant must have so irritated and exasperated all concerned with the estate—judges included—as to convince them that he did, by such conduct, contest or attempt to contest his mother's will within meaning of clause 11. Yet he was careful, guided by the advice of reputable counsel, to refrain at all times from becoming a "contestant" of such will. As heir and legatee he had the right, clause 11 considered, to do what he did in the course of administration without jeopardizing his legacy. He also had the right to rely upon the thoroughly mature rule of strict construction as he skated near but not over the precipice of forfeiture, and upon the sound advice of counsel with respect thereto. No more need be said excepting that, if appellant's mother desired that his legacy be forfeited by conduct such as plaintiffs have shown, she should and easily could have said so in her will. In sum, we cannot hand down a precedent of forfeiture upon a record like this without fashioning bad law from a really hard case.

The circuit court's decree is reversed and the cause is remanded for entry of a new decree dismissing plaintiff's bill. For gross violation of the requirements of Court Rule No 67 (1945)* appellant will be denied costs.

Dethmers, Kelly, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.

Carr, C. J., did not sit.

## APPENDIX

(Supplemental opinion submitted by Judge O'Neill.)

"Having reviewed my handwritten notes taken during the trial, and on checking same with the record, and in accordance with order of the Supreme Court of the State of Michigan, I find that the defendant, Herbert E. Saier, contested or attempted to contest within the meaning of paragraph 11 of Mrs. Saier's will. This opinion was and is based upon my findings of fact as follows:

"1. That said defendant well knew that if he contested and lost, said paragraph 11 would be invoked against him.

"2. That said defendant, Herbert E. Saier, would have gained if the contest had been successful in that the specific bequests to Ruth Medendorp and Dorothy Shaft would not have been made, and he would have had 1/3 thereof and he, the said defendant, would not have had to share his 1/3 portion of the estate with his estranged wife, defendant Josephine Saier.

"3. In consideration of the above paragraphs 1 and 2, I find defendant, Herbert E. Saier, encouraged and assisted his brother, Harry, who had nothing to lose, to make the contest in his, Harry's name.

---

* See additions and amendments, 347 Mich xxii, 355 Mich xiv.— Reporter.

"In this connection it appears that although Bert and Harry had not been close through the years, Bert moved in with Harry and that Harry stated Bert was assisting him with the law in the contest.

"4. I find that the defendant did contact various witnesses with the intent of securing favorable testimony for and in behalf of the will contest then pending in the name of defendant's brother Harry. Defendant said he was 'pinch hitting' for his brother Harry and his activities in contacting the several witnesses carry out such pinch-hitting assertion. He surely was endeavoring to influence the testimony of Marjorie Carrigan by digging up ancient records pertaining to her father's criminal conviction and threatening her. I find this was for the purpose of intimidating the witness.

"Witness Arthur Quarmby left no doubt that the defendant contacted him and endeavored to obtain testimony favorable to the will contest stating to the witness that the will was a forgery and asking for testimony on 'his' (defendant's) side.

"His contact and conversations with Evan McPhee and his wife, Nora, and their daughter, Donna La-Valle, lead me to the conclusion that he was seeking witnesses favorable to brother Harry's contest. I find as a fact that he told Donna that he was collecting information and affidavits to break the will because he, Bert, did not dare contest it in his own name.

"5. I find that the defendant, through several different lawyers by him hired and also *in pro. per.*, repeatedly attempted to prevent the appointment of the special administrators and later the appointment of the executors and likewise repeatedly attempted to remove both the special administrators and later the executors, filed objections to various accountings and had hearings thereon, filed objections to and had hearing on simple petition for license to sell real estate; some of which petitions were by him appealed to the circuit court. The heavy probate files which were introduced in evidence attest to defendant's

industry and success in preventing an orderly administration of the estate, in fact hindering and delaying such administration and thwarting the expressed intentions of the testatrix.

"6. Defendant maintained that the original will bore a forged signature. Later he accused one of the executors, Mr. Parr, of stealing the will. It follows that this latter accusation, which was never in any way substantiated, would tend to support his accusation of forgery.

"In connection with the alleged forged signature to the will, it is the claim of the defendant that the probate judge himself raised the question of the authenticity of decedent's signature and that he ordered the defendant to bring in other signatures of the decedent and 'to keep quiet about it.' The probate judge died prior to this trial so his testimony is unavailable, but I have extreme difficulty in believing this testimony of the defendant.

"The defendant also contacted the attorney general requesting the examination of the decedent's signature which the attorney general did in fact arrange.

"7. I am of the opinion that the defendant's relations with the attorneys representing brother Harry in the will contest is above and beyond the warm interest of Herbert in his brother's lawsuit. The defendant criticized Harry's attorney for the latter's handling of the case. In the words of the attorney 'and he did give me stuff, things at times which I didn't ask for that helped us in our case'. His written inquiry to the attorneys as to 'how they were coming in the case' is indicative of something more than curiosity.

"In reviewing the record I note that I asked Mr. O'Brien, Harry's attorney, 'there wasn't any question that he was out to help his brother if he could' to which attorney O'Brien replied 'Yes, I think that is true.'

"8. I find that the acts of the said defendant in endeavoring to secure removal of the probate judge,

the defendant's official complaints to the State Bar against all of the attorneys representing the estate or connected therewith was part of a plan to assist brother Harry in getting a new trial of the will contest. One such application has been made and denied. However, if fraud or misconduct of the probate judge or of the plaintiff's attorney had been found I am firmly of the opinion that this defendant would have arranged for the filing of another new trial motion. The defendant admits preparing another hearing or lawsuit of some sort and while defendant denies contemplating another new trial motion, I find there is evidence to the contrary.

"At all times defendant, Herbert E. Saier, was conscious of paragraph 11 of the will and he studiously sought to cover the tracks of his activities to successfully contest in the name of his brother Harry. I find that his protestations that he was not a contestant were 'for the record' and that his activities are not in accordance with such protestations. This defendant was so assiduous, so very active that it was impossible for him to cover the evidence of his activities to contest his mother's will.

"On the basis of the record as a whole and of the foregoing instances and examples of defendant's conduct, I find that he had probably induced, but at least materially assisted his brother Harry in the will contest and that such contest was as much or more Herbert's contest than Harry's. I further find that this conduct of the defendant was in violation of paragraph 11 of the will."