*In re* MARY E GRIFFIN REVOCABLE GRANTOR TRUST

Docket No. 277268. Submitted October 7, 2008, at Lansing. Decided
December 2, 2008, at 9:00 a.m. Leave to appeal sought.

Otto Nacovsky, a beneficiary of the Mary E. Griffin Revocable
Grantor Trust, filed a petition in the Shiawassee County Probate
Court contesting the trust. He alleged that the trust violated the
rule against perpetuities because it did not provide for the distri-
bution of the trust corpus after his death and that of Griffin's dogs,
the care of which was provided for in the trust. He also alleged that
the respondent, Priscilla Hall, who was the trustee of and a
beneficiary under the trust, had exercised undue influence over
Griffin. The court, James R. Clatterbaugh, J., determined that the
perpetuities problem resulted from a drafting error and reformed
the trust agreement to remedy the error. The court also found no
undue influence. The trust agreement contained a no-contest (*in
terrorem*) clause that prohibited a beneficiary who challenged the
trust from receiving any portion of Griffin's estate or any benefit
under the trust. The respondent moved for summary disposition,
arguing that the no-contest clause was enforceable and applied to
the petitioner's challenge. The court denied the respondent's
motion, holding that the no-contest clause was unenforceable as a
matter of law. The respondent appealed.

The Court of Appeals *held*:

1. A no-contest clause in a trust agreement is unenforceable if
probable cause exists for challenging the trust. No statute exists
addressing the enforceability of no-contest clauses in trust agree-
ments. MCL 700.2518, however, provides that no-contest clauses
in wills are unenforceable if probable cause exists for instituting
proceedings. That statute, which indicates the state's public policy
regarding the enforceability of no-contest clauses in wills, also
reflects Michigan's public policy that no-contest clauses in trust
agreements are unenforceable if there is probable cause for
challenging the trust.

2. The petitioner had probable cause to challenge the trust. A
trust is invalid if it violates the rule against perpetuities. Because
the trust agreement failed to provide for the distribution of the
trust corpus following the death of the petitioner and Griffin's

dogs, the trust, on its face, violated the rule against perpetuities as codified in MCL 554.72. Thus, there was a substantial likelihood that a challenge to the trust based on the perpetuities problem would be successful.

Affirmed.

ZAHRA, J., dissenting, stated that he would reverse and remand for further proceedings. MCL 700.2518 is persuasive evidence that only a no-contest clause in a will is unenforceable if there is probable cause for challenging the will. Michigan's public policy does not dictate that a no-contest clause in a trust agreement is unenforceable if there is probable cause to challenge the trust, and the majority's conclusion is an unwarranted expansion of MCL 700.2518. The statute's plain language concerning wills only is evidence that the Legislature did not intend to allow challenges to a no-contest provision in a trust agreement.

1. TRUSTS — CONTESTING TRUSTS — NO-CONTEST PROVISIONS.

A no-contest, or *in terrorem*, provision in a trust agreement is unenforceable if probable cause exists for challenging the trust.

2. TRUSTS — PERPETUITIES.

A trust is invalid if it violates the rule against perpetuities (MCL 554.72).

*Mark J. Hibbs* for Otto Nacovsky.

*Chalgian & Tripp Law Offices, PLLC* (by *John E. Bos*), for Priscilla Hall.

Before: HOEKSTRA, P.J., and CAVANAGH and ZAHRA, JJ.

HOEKSTRA, P.J. This case involves the enforceability of the *in terrorem* (no-contest) clause in the Mary E. Griffin Revocable Grantor Trust agreement. Respondent appeals as of right the probate court's order declaring the clause unenforceable and denying her motion for summary disposition under MCR 2.116(C)(9) and (10). Although MCL 700.2518 does not apply to trusts, we conclude that it reflects this state's public policy that a no-contest clause in a trust agreement is unenforceable if there is probable cause for

challenging the trust. We further conclude that petitioner, Otto Nacovsky, had probable cause to challenge the trust because the trust, on its face, violated the rule against perpetuities. Therefore, the *in terrorem* clause was unenforceable, and we affirm the probate court's order denying respondent's motion for summary disposition.

I

Respondent, Priscilla Hall, is the daughter of petitioner. They are both beneficiaries under a trust created by Mary E. Griffin, who is petitioner's mother and respondent's grandmother. The trust was established in 2001, and the trust agreement was amended several times thereafter, including in January 2003 and May 2003. The January 2003 amendment added the following clause to the trust agreement:

> Terror [sic] Clause. If any beneficiary under this Agreement or any heir of Settlor, or any person acting, with or without court approval, on behalf of a beneficiary or heir, shall challenge or contest the admission of Settlor's will to probate, or challenge or contest any provision of Settlor's will or of this Agreement, the beneficiary or heir shall receive no portion of Settlor's estate, nor any benefits under this Agreement. However, it will not be a "challenge or contest" if Trustee or a beneficiary seeks court interpretation of ambiguous or uncertain provisions in this Agreement.

After Griffin died in January 2005, petitioner filed a petition contesting the trust. Petitioner alleged that the trust violated the rule against perpetuities because the trust agreement, as last amended on May 1, 2003, provided that the principal was to be held in trust for the benefit of petitioner and Griffin's dogs, but failed to include a provision for the distribution of the trust

corpus after the death of petitioner and the dogs. Petitioner also alleged that Griffin's last two amendments in January 2003 and May 2003 resulted from respondent's undue influence over Griffin. Respondent filed a petition to enforce the *in terrorem* clause. She claimed that, because petitioner had challenged the validity of the trust, if petitioner failed to substantiate his claim of undue influence, petitioner was not entitled to receive anything under the trust.

Following an evidentiary hearing, the probate court determined that the perpetuities problem was the result of a drafting error, and it reformed the trust agreement to remedy the omission of the residuary clause. The court also determined that there was no undue influence. Petitioner thereafter filed a motion alleging defenses to the *in terrorem* clause. Respondent in turn moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), arguing that the *in terrorem* clause was both enforceable and applicable because petitioner had challenged the trust. The probate court determined that because MCL 700.2518 applied to wills but not trusts, the Legislature intended that no-contest clauses in trust agreements be unenforceable. Accordingly, the probate court held that the *in terrorem* clause in the Mary E. Griffin Revocable Grantor Trust agreement was unenforceable as a matter of law, and it denied respondent's motion for summary disposition.

II

On appeal, respondent does not contest the probate court's conclusion that MCL 700.2518 only applies to wills. Rather, she contests the probate court's conclusion that because the Legislature did not include a provision regarding no-contest clauses in trust agreements in the Estates and Protected Individuals Code,

MCL 700.1101 *et seq.*, a no-contest clause in a trust agreement is unenforceable. Respondent argues that the enforceability of a no-contest clause in a trust agreement must be gleaned from the common law relating to no-contest clauses in wills. We disagree.

A

This Court reviews de novo a lower court's decision on a motion for summary disposition. *Trost v Buckstop Lure Co, Inc*, 249 Mich App 580, 583; 644 NW2d 54 (2002). Below, respondent argued that summary disposition was proper under MCR 2.116(C)(9) because the defense petitioner asserted to her petition to enforce the *in terrorem* clause—that he had probable cause for challenging the trust—was not a defense to the enforcement of a no-contest clause in a trust agreement. A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings and is properly granted when the party has failed to state a valid defense to a claim. A defense is invalid for purposes of MCR 2.116(C)(9) when the party's pleadings are so clearly untenable as a matter of law that no factual development could possibly deny the opposing party's right to recovery. *Payne v Farm Bureau Ins*, 263 Mich App 521, 525; 688 NW2d 327 (2004).

B

Whether the *in terrorem* clause in the Mary E. Griffin Revocable Grantor Trust agreement is enforceable requires us to ascertain our state's public policy regarding the enforceability of no-contest clauses in trust agreements. If no-contest clauses in trust agreements are against public policy, then the *in terrorem* clause at issue here is unenforceable. 2 Restatement Trusts, 3d,

§ 29(c), pp 53-54 (stating that a trust provision is invalid if it is contrary to public policy).

This state's public policy is reflected in its statutes, "and when they have not directly spoken, then in the decisions of the courts and the constant practice of the government officials." *Maids Int'l, Inc v Saunders, Inc*, 224 Mich App 508, 511; 569 NW2d 857 (1997) (quotation marks and citation omitted). There is no statute regarding the enforceability of no-contest clauses in trust agreements, nor is there any caselaw on the issue. There are, however, caselaw and a statute, MCL 700.2518, addressing the enforceability of no-contest clauses in wills.

In *Schiffer v Brenton*, 247 Mich 512, 520; 226 NW 253 (1929), the Supreme Court held that no-contest clauses in wills were valid and enforceable, irrespective of whether the will contest was in good or bad faith. The Court reasoned:

> Such provisions serve a wise purpose; they discourage a child from precipitating expensive litigation against the estate, and encourage and reward other children in their effort to sustain their parent's disposition of his property if such contest is precipitated; they discourage family strife, they discourage litigation, and the law abhors litigation. [*Id.* at 519.]

In *Saier v Saier*, 366 Mich 515, 520; 115 NW2d 279 (1962), and *Farr v Whitefield*, 322 Mich 275, 280-281; 33 NW2d 791 (1948), the Court reiterated the rule that no-contest clauses in wills are generally enforceable.

However, in 1998, the Legislature enacted MCL 700.2518, which provides:

> A provision in a will purporting to penalize an interested person for contesting the will or instituting other proceedings relating to the estate is unenforceable if probable cause exists for instituting proceedings.

This statute reflects the Legislature's decision to partially abrogate the rule announced in *Schiffer*. Accordingly, MCL 700.2518 indicates this state's current public policy regarding the enforceability of no-contest clauses in wills. See *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006) (" 'In general, where comprehensive legislation prescribes in detail a course of conduct to pursue and the parties and things affected, and designates specific limitations and exceptions, the Legislature will be found to have intended that the statute supersede and replace the common law dealing with the subject matter.' ") (citation omitted). Thus, pursuant to MCL 700.2518, a no-contest clause in a will is unenforceable if probable cause exists for instituting proceedings.

The question becomes whether the public policy regarding the validity of no-contest clauses in wills, as established by MCL 700.2518, controls the enforceability of no-contest clauses in trust agreements. Legal authorities agree that the same test should apply to no-contest clauses in wills and trust agreements. As observed in Bogert, Trusts & Trustees (rev 2d ed, 2008 Cum Supp), § 181, p 103 "Although [*in terrorem*] clauses appear most frequently in wills, there appears to be no reason to apply a different test in determining the validity of such a clause in a living trust instrument . . . ." Similarly, 2 Restatement Property, 3d, Wills and Other Donative Transfers, § 8.5, comment i p 200, provides:

> With the increase in the use of revocable inter vivos trusts as will substitutes, no-contest clauses and clauses restraining challenges of particular provisions in those trusts serve the same purpose as do such clauses in wills, and the same test applies to determine the validity of those clauses in the two comparable situations.

Cf. *In re Reisman Estate*, 266 Mich App 522, 527; 702 NW2d 658 (2005) (law governing wills typically applies to trusts).

On the basis of these authorities, we conclude that while MCL 700.2518 does not apply to trusts, it reflects this state's public policy that no-contest clauses in trust agreements are unenforceable if there is probable cause for challenging the trust.[1] Conversely, if there is no probable cause to challenge the trust, it is not contrary to public policy to enforce the no-contest clause. Thus, the probate court properly denied respondent's motion for summary disposition under MCR 2.116(C)(9). As a defense to respondent's petition to enforce the *in terrorem* clause, petitioner alleged that he had probable cause to challenge the trust. Because a no-contest clause in a trust agreement is unenforceable if there is probable cause for challenging the trust, petitioner stated a valid defense.

C

Respondent further argues, however, that she was entitled to summary disposition under MCR 2.116(C)(10) because there was no genuine issue of material fact that petitioner lacked probable cause for challenging the trust. We disagree.

---

[1] Our conclusion that MCL 700.2518 reflects the public policy of this state with regard to no-contest clauses in trust agreements is consistent, in part, with respondent's argument. Respondent urged us to apply the common law relating to no-contest clauses in wills to the *in terrorem* clause in the present case. Thus, respondent appears to concede that there is no policy reason to treat no-contest clauses in trust agreements differently from no-contest clauses in wills. We just disagree with respondent's contention that the common law, rather than MCL 700.2518, reflects the state's public policy regarding no-contest clauses in trust agreements.

A motion under MCR 2.116(C)(10) tests the factual support for a claim. *Lewis v LeGrow*, 258 Mich App 175, 192; 670 NW2d 675 (2003). In reviewing a motion under MCR 2.116(C)(10), this Court "must consider the available pleadings, affidavits, depositions, and other documentary evidence in a light most favorable to the nonmoving party and determine whether the moving party was entitled to judgment as a matter of law." *Unisys Corp v Ins Comm'r*, 236.Mich App 686, 689; 601 NW2d 155 (1999).

The Restatement provides the following definition of probable cause: "Probable cause exists when, at the time of instituting the proceeding, there was evidence that would lead a reasonable person, properly informed and advised, to conclude that there was a substantial likelihood that the challenge would be successful." 2 Restatement Property, 3d, Wills and Other Donative Transfers, § 8.5, comment c, p 195. In this case, petitioner sought to terminate the trust on two grounds: (1) it was invalid pursuant to MCL 554.72 because of the perpetuities problem and (2) it was invalid because of undue influence by respondent.[2]

A trust is invalid if it violates the rule against perpetuities. 2 Restatement Trusts, 3d, § 29(b), pp 53-54. The rule against perpetuities is codified in MCL 554.72, which, at the time relevant to this case,[3] provided:

---

[2] Although the probate court ultimately determined that the perpetuities problem was the result of a drafting error and there was no evidence of undue influence, the enforceability of the *in terrorem* clause depends on whether petitioner had probable cause to challenge the trust on these bases. Thus, the probate court's ultimate decision on petitioner's claims is not dispositive of whether petitioner had probable cause to bring a challenge in the first instance.

[3] The statute was amended by 2008 PA 149, effective May 28, 2008.

(1) A nonvested property interest is invalid unless 1 or more of the following are applicable to the interest:

(a) When the interest is created, it is certain to vest or terminate no later than 21 years after the death of an individual then alive.

(b) The interest either vests or terminates within 90 years after its creation.

The last trust amendment failed to include a provision for the distribution of the trust corpus after the death of petitioner and Griffin's dogs. Accordingly, the trust, on its face, violated the rule against perpetuities because it was not certain to vest or terminate within 21 years after Griffin's death or within 90 years after the creation of the trust. Because the trust, on its face, violated the rule against perpetuities, there was evidence from which a reasonable person could conclude that there was a substantial likelihood that a challenge to the trust as violating the rule against perpetuities would be successful. Accordingly, petitioner had probable cause to challenge the trust.[4] Respondent was not entitled to summary disposition under MCR 2.116(C)(10).

D

In conclusion, the probate court properly denied respondent's motion for summary disposition under MCR 2.116(C)(9) and (10). A no-contest clause in a trust agreement is unenforceable if probable cause exists to challenge the trust, and petitioner had probable cause for challenging the trust as violating the rule against perpetuities. Therefore, the *in terrorem* clause in the Mary E. Griffin Revocable Grantor Trust agreement is

---

[4] Because we conclude that petitioner had probable cause to challenge the trust on the basis that it violated the rule against perpetuities, we need not decide whether petitioner had probable cause to challenge the trust on the basis of undue influence by respondent.

unenforceable. Because the probate court reached the right result, albeit for the wrong reason, we affirm the probate court's order denying respondent's motion for summary disposition. See *Gleason v Dep't of Transportation*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

Affirmed.

CAVANAGH, J., concurred.

ZAHRA, J. (*dissenting*). I respectfully dissent. MCL 700.2518 expressly applies to a "provision in a *will* . . . ." (Emphasis added.) I cannot agree with the majority that "while MCL 700.2518 does not apply to trusts, it reflects this state's public policy that [*in terrorem*] clauses in trust agreements are unenforceable if there is probable cause for challenging the trust." *Ante* at 539.

In reaching its decision that *in terrorem* provisions are unenforceable if there is probable cause for challenging the trust, the majority addresses whether an *in terrorem* clause in a trust agreement is contrary to public policy. In *Royal Property Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 722; 706 NW2d 426 (2005), this Court reiterated that,

> "[i]n defining 'public policy,' it is clear to us that this term must be more than a different nomenclature for describing the personal preferences of individual judges, for the proper exercise of the judicial power is to determine from objective legal sources what public policy *is*, and not simply assert what such policy *ought* to be on the basis of the subjective views of individual judges. This is grounded in Chief Justice Marshall's famous injunction to the bench in *Marbury v Madison*, 5 US (1 Cranch) 137, 177; 2 L Ed 60 (1803), that the duty of the judiciary is to assert what the law 'is,' not what it 'ought' to be. [Emphasis in original.]"

For this reason,

" '[c]ourts must proceed with caution in determining what exactly constitutes Michigan's "public policy," and not merely impose its [sic] belief of what public policy should be. In other words, Michigan's "public policy" must be clearly apparent in "our state and federal constitutions, our statutes, and the common law," as well as our "administrative rules and regulations, and public rules of professional conduct[.]" ' "

In other words, "[t]he public policy of Michigan is not merely the equivalent of the personal preferences of a majority of this Court; rather, such a policy must ultimately be clearly rooted in the law. There is no other proper means of ascertaining what constitutes our public policy." [Citations omitted.]

In my opinion, Michigan public policy does not dictate that an *in terrorem* provision in a trust agreement is unenforceable if there is probable cause for challenging the trust. MCL 700.2518 is persuasive evidence that only an *in terrorem* provision in a *will* is unenforceable if there is probable cause for challenging the will. The majority's conclusion effectively reads into MCL 700.2518 a category of legal instruments in which an *in terrorem* provision may be unenforceable. This is an unwarranted judicial expansion of MCL 700.2518. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002) (stating that nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself). The best evidence that the Legislature did not intend to allow challenges when the trust agreement contains an *in terrorem* provision is that MCL 700.2518 plainly expresses an intent to allow challenges to a will that contains an *in terrorem* provision. Had the Legislature intended to allow challenges in the face of an *in terrorem* provision within a trust agreement, there is no dispute that it could have done so.

I agree with the majority that the common law of this state, as reflected in *Schiffer v Brenton*, 247 Mich 512, 520; 226 NW 253 (1929), and *Farr v Whitefield*, 322 Mich 275, 280-281; 33 NW2d 791 (1948), is that *in terrorem* clauses in wills are enforceable, irrespective of whether the will contest was in good faith or bad faith. I also agree with the majority that the Legislature, through MCL 700.2518, partially abrogated the common law in regard to *in terrorem* clauses within wills. However, I cannot agree that MCL 700.2518 reflects an intent to partially abrogate the common law in regard to *in terrorem* clauses within trust agreements. And while legal commentators may be correct in speculating that there is no apparent reason to treat *in terrorem* clauses within trust agreements differently from those within wills, I cannot " 'assert what such policy *ought* to be on the basis of' " my subjective view. *Royal Property Group, supra* at 722 (citation omitted; emphasis in original).

I would reverse and remand for further proceedings.