FERDIE SIEVERS AND VIRGINIA SIEVERS, HIS WIFE; AND SECURITY NATIONAL BANK OF NEVADA, A NATIONAL BANKING ASSOCIATION, APPELLANTS, *v.* DAVID ZENOFF AND BEVERLY ZENOFF, HIS WIFE; DON TOWNSEND AND LELA J. TOWNSEND, HIS WIFE; RUDOLPH S. GERSICK AND GERTRUDE A. GERSICK, HIS WIFE; AND F. G. LEONETTI AND ECHO LEONETTI, HIS WIFE, RESPONDENTS.

No. 9835

January 30, 1978                    573 P.2d 1190

[Rehearing denied March 15, 1978]

*Vargas, Bartlett & Dixon,* and *John P. Sande, III,* Reno, for Appellants Ferdie and Virginia Sievers.

*Hawkins, Rhodes, Sharp & Barbagelata,* Reno, for Appellant Security National Bank of Nevada.

*Guild, Hagen & Clark, Ltd.,* and *Thomas J. Hall,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a declaratory judgment defining the extent of certain easements created by deeds. Respondents Zenoff et al., by their complaint, and Appellants Ferdie and Virginia Sievers (hereafter jointly referred to as the Sieverses) and Security National Bank of Nevada (hereafter, Bank), by their respective answers, have sought determination of their rights under easements granted respondents over land currently

owned by the Sieverses and subject to a deed of trust owned by Bank. The court below found in favor of the respondents; hence, this appeal. The existence of the easements is not in dispute, and the principal issue presented is narrowed to the trial court's ruling as to the scope and extent of the easements.

1. *The Facts.*

Respondents purchased homes in Skyland Subdivision, Zephyr Cove, Nevada, from the Sieverses and coowner, Swift Builders. Their four homes were located on "Parcel A," on lots designated A-1 through A-4, respectively. The remaining portion of Parcel A was retained by the Sieverses and Swift Builders. Subsequently, the Sieverses acquired sole fee ownership of the property, which eventually came to be designated Lot A-5. It has always been used by respondents as a common area for ingress, egress, and parking.

It later became known to respondents that the Sieverses wished to construct a house on Lot A-5. Respondents disputed the Sieverses' right to build, claiming such action would interfere with their easements. Respondents then commenced this action, seeking a declaration of the rights of the parties in and to Lot A-5.

The easement grant contained in each of the deeds of respondents is as follows:

> a non-exclusive right-of-way and easement for ingress to and egress from the above-described parcel to Skyland Court, as shown on the map of Skyland Subdivision No. 1, filed in the office of the County Recorder of Douglas County, Nevada, on February 27, 1958, over and across the following described parcel:
>
> [Two deeds contain a legal description of Lot A-5 in its entirety; the other two except a portion thereof.]
>
> TOGETHER WITH the right to install, operate, repair, maintain and replace leaching lines in common with others entitled to use the same granted by Document recorded in Book 17 of Official Records at page 599 under Document No. 22641, Douglas County, Nevada, Records.

Various repondents testified that agents or the partner of the Sieverses represented to them at the time of their purchases of Lots A-1 through A-4 that the remaining portion of Parcel A would be a "common area" for the four existing homes, that it could be used for parking, and that no house would ever be built thereon.

The trial court found that "defendants gave, and plaintiffs understood they were acquiring, an easement to use Parcel [Lot] A-5 as a common area in connection with their ownership and occupancy of Parcels [Lots] A-1 through 4, and

that now, years later, defendants have decided otherwise than they originally intended, represented and accomplished."

In its written judgment the trial court declared (1) that plaintiffs (respondents) were entitled to "a permanent easement for parking, ingress, egress and utility purposes . . . over and including Parcel [Lot] A-5;" (2) that defendants the Sieverses and their heirs, successors, and assigns were "permanently enjoined from interfering or interrupting in any manner the quiet enjoyment" thereof by respondents and their guests; and (3) that respondents were to assume and pay all taxes and assessments on Lot A-5 from the date of judgment.

   2.   *The Issues.*
   A.   *The Easement Included All of Lot A-5.*

The existence of an easement over and across Lot A-5 is not in dispute. Appellants contest only its extent, as determined by the trial court. The basic rules for determining the extent of an easement created by deed are set forth in Cox v. Glenbrook Co., 78 Nev. 254, 371 P.2d 647 (1962). The general rule is that "the extent of an easement created by conveyance is fixed by the conveyance." 78 Nev. at 262, 371 P.2d at 652. Extrinsic evidence is not admissible for the purpose of interpreting clear and unambiguous terms. 78 Nev. at 261-262, 371 P.2d at 652. However, "[w]hen the width [of the easement] is not specified, the conveying instrument must be construed in the light of the facts and circumstances existing at its date and affecting the property, the intention of the parties being the object of inquiry." 78 Nev. at 264, 371 P.2d at 654.

In the case at hand, the deeds conveyed an easement "over and across" Lot A-5. The trial court was justified in concluding, on the basis of respondents' testimony as to the representations made to them at the time of their respective purchases, and as to their own understanding of the conveyances, that the intent of the parties at the time the easements were granted was to convey nonexclusive easements to the owners of the four dominant tenements over all of Lot A-5.

Although Mr. Sievers testified at one point that he had always intended to build on A-5, he also admitted that it was "not a definite thing." "As the trier of fact the trial court had the right to consider the credibility of witnesses;" the appellate court will not "substitute an appellant's construction of the facts for the meaning given them by the trial judge." Fox v.

First W. Sav. & Loan Ass'n, 86 Nev. 469, 472, 470 P.2d 424, 426 (1970).

Bank is in no better position than the Sieverses with regard to its challenge of the trial court's determination of the width of the easements. It had constructive notice of the easements by virtue of the four recorded deeds. NRS 111.315 and 111.320. Since the trial court's determination may be upheld on the basis of its interpretation of the conveyances themselves, it is unnecessary to determine whether Bank had a further duty of inquiry as to respondents' actual use of the easement. *See* Snow v. Pioneer Title Ins. Co., 84 Nev. 480, 444 P.2d 125 (1968).

Upon the basis of the evidence, both documentary and oral, we hold that the Sieverses and Bank are bound by the trial court's determination that the respondents were entitled under their recorded deeds to the easements over all of Lot A-5.

B.   *The Injunction Was Not Premature.*

Appellants contend that, since the construction of a house on Lot A-5 has not yet commenced, the injunction granted by the trial court is precluded in an action for declaratory relief by the holding in Cox v. Glenbrook Co., 78 Nev. 254, 371 P.2d 647 (1962). This contention is without merit; the injunction issued by the trial court fully complied with the requirement set forth in that case.

In *Cox,* the trial court had issued an injunction based upon its specific determination that a particular proposed use of an easement by the owners of the dominant tenement " *would* constitute an illegal burden and surcharge upon the servient estate." 78 Nev. at 266, 371 P.2d at 655 (emphasis in original). This court held that the trial court "should have done no more than to announce, in general terms, the applicable legal principle within which a subsequent factual determination could be made if occasion therefor arises." 78 Nev. at 268-269, 371 P.2d at 656.

In this case, the injunction granted by the trial court made no specific reference to the Sieverses' proposed use of the property; it simply enjoined the Sieverses and their heirs, successors, and assigns from "interfering or interrupting in any manner the quiet enjoyment of the . . . permanent easement" by respondents and respondents' successors, assigns, guests, and invitees.

We conclude, therefore, that the judgment of the trial court must be upheld. The lower court's determination that the

intent of the parties was to create an easement over and across all of Lot A–5 is supported by substantial evidence in the record. The injunction against interference with respondents' use of the easement was not premature.

Affirmed.[1]

---

[1]The Governor designated Hon. Michael E. Fondi, Judge of the First Judicial District, to sit in place of HON. NOEL E. MANOUKIAN, Justice, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 4.