134 Nev., Advance Opinion 73

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE W.N. CONNELL AND MARJORIE T. CONNELL LIVING TRUST, DATED MAY 18, 1972, AN INTER VIVOS IRREVOCABLE TRUST. | No. 71577 |

IN THE MATTER OF THE W.N.
CONNELL AND MARJORIE T.
CONNELL LIVING TRUST, DATED
MAY 18, 1972, AN INTER VIVOS
IRREVOCABLE TRUST.

JACQUELINE M. MONTOYA; AND
KATHRYN A. BOUVIER,
Appellants,
vs.
ELEANOR CONNELL HARTMAN
AHERN,
Respondent.

No. 71577

FILED

SEP 13 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order declining to enforce a no-contest clause in a trust. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

Rushforth Lee & Kiefer LLP and Daniel P. Kiefer and Joseph J. Powell, Las Vegas,
for Appellants.

Brownstein Hyatt Farber Schreck, LLP, and Kirk B. Lenhard, Las Vegas,
for Respondent.

Marquis Aurbach Coffing and Terry A. Coffing, Liane K. Wakayama, Candice E. Renka, and Kathleen A. Wilde, Las Vegas,
for Amicus Curiae Marquis Aurbach Coffing.

BEFORE THE COURT EN BANC.

18-35750

*OPINION*

By the Court, CHERRY, J.:

In this appeal, we consider a district court's order declining to enforce the no-contest clause of the W.N. Connell Living Trust, Dated May 18, 1972 (the 1972 Trust) against trustee-beneficiary respondent Eleanor Connell Hartman Ahern. The district court found that Eleanor violated her fiduciary duties as trustee of the 1972 Trust, but the court determined that her acts as trustee did not warrant imposition of the trust's no-contest clause to revoke her beneficiary status. The question before this court is whether a trust beneficiary forfeits interest in the trust's assets pursuant to a no-contest clause penalty by breaching her fiduciary duties while acting in her dual capacity as trustee. We conclude that no-contest clauses do not apply to foreclose beneficiary interests when the beneficiary, acting in a trustee capacity, breaches his or her fiduciary duty, as doing so would conflict with the trustee's powers to administer and distribute the trust, and the most fair and reasonable interpretation of a no-contest clause excludes actions taken in a trustee capacity. We therefore affirm the district court's judgment.

*FACTS AND PROCEDURAL HISTORY*

Eleanor was the sole trustee of the 1972 Trust. Eleanor and her daughters, appellants Jacqueline Montoya and Kathryn Bouvier, were its subtrusts' beneficiaries. The 1972 Trust provides for disbursement of its asset income, with Eleanor ultimately receiving a 35-percent share of income, and Jacqueline and Kathryn receiving a 65-percent share. The 1972 Trust contains a no-contest clause, which reads in relevant part:

> The Grantors specifically desire that these trusts
> created herein be administered and distributed

SUPREME COURT
OF
NEVADA

(O) 1947A

without litigation or dispute of any kind. If any beneficiary of these trusts or any other person, whether stranger, relatives or heir . . . seek or establish to assert any claim to the assets of these trusts . . . or attack, oppose or seek to set aside the administration and distribution of the said trusts, . . . such person . . . shall receive One Dollar ($1.00) and no more in lieu of any interest in the assets of the trusts.

Acting as trustee, Eleanor ceased disbursement of Jacqueline and Kathryn's income share, and they petitioned the district court for a determination construing and interpreting the trust's language, and specifically, a declaration that they are entitled to 65 percent of the trust assets. The district court ordered Eleanor to safeguard and impound the 65-percent interest pending final resolution of the petition.

The parties filed several motions seeking various forms of relief, including cross-motions for summary judgment. The court granted summary judgment in favor of Jacqueline and Kathryn on their claims that they were entitled to the 65-percent income share and that Eleanor breached her fiduciary duty as trustee by unilaterally cutting off their share of the trust income.[1] The district court also ordered Eleanor to produce an accounting of the 1972 Trust. Eleanor submitted the trust accounting, and, after a hearing, at which the district court addressed concerns with Eleanor's management of the trust funds, the district court appointed a new temporary trustee for the 1972 Trust and ordered Eleanor to provide the trustee with all relevant information regarding the trust's administration. Upon preliminary review of the accounting information, the new trustee

---

[1]Eleanor appealed, and this court affirmed the district court's order. *See Matter of W.N. Connell & Marjorie T. Connell Living Tr.*, 133 Nev., Adv. Op. 19, 393 P.3d 1090, 1093 (2017).

 

filed an affidavit indicating his concerns with Eleanor's administration, including her failure to maintain the 65-percent interest and withdrawal of over $1 million of trust funds after being removed as trustee.

Jacqueline and Kathryn moved for enforcement of the trust's no-contest clause, as well as damages and a surcharge of Eleanor's interest, arguing that Eleanor inappropriately withheld payment of their 65-percent income share, misreported the total amount due to them, and failed to account for trust income and resolve tax issues, further breaching her fiduciary duty as trustee. Although Jacqueline and Kathryn acknowledged that the court's summary judgment orders afforded some relief by removing Eleanor as trustee and awarding them attorney fees, they maintained that Eleanor's continued refusal to cooperate with the new trustee to recover trust funds she improperly withdrew and to account for income she received while she was trustee continued to have adverse impacts on them. Following a hearing, the district court found that Eleanor violated the district court's orders by failing to protect the 65 percent interest, filing an intentionally inaccurate accounting and summary of the trust's administration, and removing from and returning funds to the trust before turning them over to the successor trustee.

The district court held that Eleanor's actions constituted breaches of Eleanor's fiduciary duties as trustee[2] and granted a surcharge of Eleanor's interest. However, the district court declined to enforce the no-contest clause against Eleanor, reasoning that her "failure to properly apply her duties as a Trustee d[id] not warrant imposition of the harsh remedy of

---

[2]Although Eleanor withdrew funds after being removed as trustee, the district court found that she had "not [been] discharged from her fiduciary duties" as trustee at that time.

imposition of the no-contest clause, specifically her failure to seek Court approval before ceasing payments to [Jacqueline and Kathryn]."

## DISCUSSION

*Eleanor's breaches of her fiduciary duty as trustee did not violate the no-contest clause*

Jacqueline and Kathryn argue that, under the undisputed findings of fact in this case, the no-contest clause should apply to reduce Eleanor's beneficiary share in the trust to $1 based on breaches of her fiduciary duty as a trustee.[3] They assert that application of the no-contest clause penalty is proper against Eleanor as a beneficiary because Eleanor's inappropriate conduct as trustee "was undertaken solely to benefit herself as a beneficiary," and actions taken in a representative capacity can give rise to forfeiture under a no-contest clause.

Generally, we review a district court's factual determination of whether a beneficiary violated a trust's no-contest clause for clear error. *Hannam v. Brown*, 114 Nev. 350, 357, 956 P.2d 794, 799 (1998). Where

---

[3]We conclude that neither the law-of-the-case doctrine nor claim preclusion bars our consideration of the district court's decision regarding the no-contest provision, as (1) no appellate court has made a determination in this regard, and (2) the new claim of breach of fiduciary duty is based on separate facts and wrongful conduct that could not have been brought in the first proceeding. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 629-30, 173 P.3d 724, 728 (2007) (providing that "[w]hen an appellate court states a principle or rule of law necessary to a decision, the principle or rule becomes the law of the case and must be followed throughout its subsequent progress" (alteration in original) (internal quotation marks omitted)); *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 257, 321 P.3d 912, 915 (2014) (stating that claim preclusion applies when the subsequent action is "based on the same claims or any part of them that were or could have been brought in the first case" (internal quotation marks omitted)).

SUPREME COURT
OF
NEVADA

(O) 1947A

there are no disputed facts, we review a district court's trust interpretation de novo. *See Connell Living Tr.*, 133 Nev., Adv. Op. 19, 393 P.3d at 1092.

We construe trusts in a manner effecting the apparent intent of the settlor. *Hannam*, 114 Nev. at 356, 956 P.2d at 798; *see also* NRS 163.00195(2). To determine the settlor's intent, we employ contract principles, including determining the intentions of the settlor "by considering [the trust] as a whole," *Connell Living Tr.*, 133 Nev., Adv. Op. 19, 393 P.3d at 1092, and favoring the most "fair and reasonable" interpretation of the trust's language, *Dickenson v. State, Dep't of Wildlife*, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994).

A no-contest clause "express[es] a directive to reduce or eliminate the share allocated to a beneficiary . . . if the beneficiary takes action to frustrate or defeat the settlor's intent as expressed in the trust." NRS 163.00195(6)(a). If triggered, a no-contest clause generally "must be enforced by the court." NRS 163.00195(1). "Whether there has been a 'contest' within the meaning of a particular no-contest clause depends upon the circumstances of the particular case and the language used." *Johnson v. Greenelsh*, 217 P.3d 1194, 1198 (Cal. 2009) (internal quotations omitted). No-contest clauses exist to "protect estates from costly and time-consuming litigation and minimize the bickering over the competence and capacity of testators, and the various amounts bequeathed." *Russell v. Wachovia Bank, N.A.*, 633 S.E.2d 722, 725-26 (S.C. 2006) (internal quotation marks omitted). Still, "[t]he law abhors a forfeiture." *Organ v. Winnemucca State Bank & Trust Co.*, 55 Nev. 72, 77, 26 P.2d 237, 238 (1933). Therefore, "[a]lthough no contest clauses are enforceable and favored by the public policies of discouraging litigation and preserving the transferor's intent, they are nevertheless strictly construed and may not be extended beyond their

SUPREME COURT
OF
NEVADA

(O) 1947A

plainly intended function." *Johnson*, 217 P.3d at 1198; *see also Ivanovich v. Meier*, 595 P.2d 24, 30 (Ariz. 1979); *Saier v. Saier*, 115 N.W.2d 279, 281 (Mich. 1962).

Here, Jacqueline and Kathryn first claim that Eleanor cannot be shielded from the no-contest clause through her trustee status because her actions were undertaken solely to benefit herself as a beneficiary. Reviewing the disputed order, however, the district court made no findings as to Eleanor's motives as a beneficiary. Rather, the district court merely determined that Eleanor's actions were in her fiduciary capacity. Therefore, while there may be instances wherein a no-contest clause applies to trustee-beneficiaries who abuse their trustee status "as a means of presenting personal views" as a beneficiary, *see* Restatement (Third) of Prop.: Wills & Donative Transfers § 8.5 cmt. f (2003); *Johnson*, 217 P.3d at 1202, we conclude that Jacqueline and Kathryn fail to establish that Eleanor's breaches of fiduciary duty here were motivated by her own interest.[4]

Jacqueline and Kathryn further argue that the broad language of the no-contest clause demonstrates the settlors' intent to prohibit all interference with the trust's administration and distribution, including a trustee's breach of fiduciary duty. A "contest" under the 1972 Trust's no-contest clause occurs when any person "attack[s], oppose[s] or seek[s] to set

---

[4]To demonstrate that Eleanor's actions were undertaken in her capacity as beneficiary, Jacqueline and Kathryn cite to this court's prior determination that Eleanor breached her fiduciary duties of impartiality and to avoid conflicts of interest "when she advocated as trustee for a trust interpretation favoring herself as beneficiary." *See Connell Living Tr.*, 133 Nev., Adv. Op. 19, 393 P.3d at 1094. However, Jacqueline and Kathryn concede that the challenged actions here are "unrelated to the claims laid out" in that previous case.

 

aside the administration and distribution" of the 1972 Trust. At first blush, the no-contest clause appears broad enough to support Jacqueline and Kathryn's interpretation. *See Merriam-Webster's Collegiate Dictionary* 74, 816, 1071 (10th ed. 1996) (defining "attack" as "set upon or work against," "oppose" as "offer resistance to," and "set aside" as "to put to one side"). However, unlike beneficiaries generally, the 1972 Trust vests trustees with the power to "manage, control, . . . sell, . . . convey, exchange, . . . divide, [and] improve . . . trust property." Interpreting the no-contest clause as applying to any actions taken by a trustee-beneficiary in her trustee capacity—even if those actions are later deemed to be in breach of the trustee's fiduciary duties—would conflict with the latitude afforded to trustees in order to effectively manage and control the trust in the normal course of their duties. Therefore, in the absence of specific language to the contrary, we conclude that the trust as a whole indicates that the settlors did not intend for the no-contest clause to apply to actions taken by a beneficiary acting in her dual capacity as trustee, regardless of whether those acts benefitted or were intended to benefit the trustee in her beneficiary capacity.

To the extent that the settlor's intent is unclear in this regard, our interpretation of the no-contest clause produces the most fair and reasonable result. Imposing a no-contest clause on a trustee-beneficiary for actions taken in a fiduciary capacity would not disincentivize litigation or minimize disputes among beneficiaries. Rather, it would seem to incentivize challenges by the beneficiaries to the trustee-beneficiaries' administration of the trusts in order to eliminate a trustee-beneficiary and increase the challenger's share. Imposing a no-contest clause against trustee-beneficiaries for their breach of fiduciary duty ignores the variety of

 

remedies available for the breach of a trustee's fiduciary duties, including surcharging their interest (as was ordered in this case), damages, and recovery of attorney fees. Therefore, we conclude that the district court did not err in refusing to apply the no-contest clause against Eleanor.[5]

## CONCLUSION

The language of the 1972 Trust's no-contest clause does not indicate that the trust's settlors intended the clause to apply to foreclose a beneficiary's interests when the beneficiary, acting in her dual capacity as trustee, breaches her fiduciary duty, as doing so would conflict with the trustee's powers to administer and distribute the trust. Other legal remedies exist to address such conduct. We, therefore, affirm the court's order declining to enforce the no-contest clause against Eleanor.

_____, J.
Cherry

We concur:

_____, C. J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

---

[5]Because we find that the 1972 Trust's no-contest clause did not apply to Eleanor's actions taken in a fiduciary capacity, we need not consider Jacqueline and Kathryn's arguments regarding the applicability of NRS 163.00195 or any exceptions to the application of the no-contest clause.