## 135 Nev., Advance Opinion 10

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE FUND FOR THE ENCOURAGEMENT OF SELF RELIANCE, AN IRREVOCABLE TRUST.

DOAN L. PHUNG,
Appellant,
vs.
THU-LE DOAN,
Respondent.

No. 74964



FILED

APR 25 2019

Appeal from a district court order denying judicial review, rejecting objections to a probate commissioner's report, and granting a motion to decant trust assets. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed and remanded.*

Mushkin Cica Coppedge and Michael R. Mushkin and L. Joe Coppedge, Las Vegas,
for Appellant.

Goldsmith & Guymon, P.C., and Dara J. Goldsmith and Peter Co, Las Vegas,
for Respondent.

19-18124

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PICKERING, J.:

The issue presented by this appeal is whether the district court erred in ordering, under NRS 163.556, half of a wholly charitable trust's property "decanted" (i.e., appointed) into a newly created wholly charitable trust with the same purpose as the original charitable trust, to be administered solely by one trustee of the original trust, against the objection of co-trustees. Because the terms of the trust instrument require the unanimous consent of all trustees to make a distribution of half of the trust's assets, the district court erred by ordering the wholly charitable trust decanted under NRS 163.556.[1]

In relevant part under NRS 163.556(1), "a trustee" who has "discretion or authority to distribute" trust property (income or principal) "to or for" beneficiaries "may" appoint or distribute trust property to a newly created second trust, "unless the terms of . . . [the] irrevocable trust provide otherwise." Respondent Thu-Le Doan argued, and the district court agreed, that this statute authorized the district court to order half of the property of the charitable trust, The Fund for the Encouragement of Self Reliance, decanted into a newly created charitable trust with the same purpose as the original. Appellant Doan L. Phung argues that this was reversible error because "[n]owhere in the Charter is 'a trustee' allowed to invade the assets

_____

[1]We grant appellant Doan L. Phung's NRAP 36(f) motion and replace our prior unpublished disposition with this opinion.

 

without the permission of the Board." (Emphasis added.) We agree with Phung.[2]

"When the language of a statute is plain and unambiguous," we "give that language its ordinary meaning and [do] not go beyond it." *Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 117 Nev. 835, 840, 34 P.3d 546, 550 (2001). However, this court "construe[s] statutes to give meaning to all of their parts and language, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation." *Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003) (internal quotation marks omitted).

Although the statute's plain language provides that "a trustee" may decant if he or she has discretionary distribution powers, NRS 163.556(1), "trustee" is a statutorily defined term for trusts generally and charitable trusts specifically. For charitable trusts, like the one at issue here, "trustee" is not limited to a singular person, but rather includes "a trustee, *trustees*, person *or persons* possessing a power or powers referred to in [the Charitable Trust Act]." NRS 163.500 (emphasis added); *see also* NRS 132.355 (generally, "trustee" "includes an original, *additional* or successor trustee, whether or not appointed or confirmed by a court") (emphasis added). Thus, because the statute's phrase "a trustee" contemplates action by multiple trustees, and because the right under NRS 163.556(1) is subject

---

[2]As an initial matter, we acknowledge that it is not clear whether NRS 163.556 applies to charitable trusts. We need not reach this issue, however, because even if the statute did apply to the trust at issue, we conclude that, under its terms, the trust did not permit a trustee to unilaterally appoint or distribute property without the consent of his or her co-trustees.

to the terms of the trust instrument, we must address whether the terms of the trust instrument permit a trustee to make a unilateral distribution.

"We construe trusts in a manner effecting the apparent intent of the settlor." *In re Connell Living Tr.*, 134 Nev., Adv. Op. 73, 426 P.3d 599, 602 (2018). Here, the relevant section of the trust instrument provides: *"Trustees . . .* may, in *their* discretion,*"* (emphasis added) manage trust property and income. By its plain language, the trust instrument therefore gives the "trustees" power to manage trust funds only in "their" unanimous discretion; it does *not* give *a trustee* power to manage trust funds in *his or her* unilateral discretion.

"[I]n the absence of statute or contrary direction in the trust instrument[,] [t]he trustees are regarded as a unit." George Gleason Bogert, *Law of Trusts and Trustees* § 554 (2d rev. ed. 1980). "They hold their powers as a group so that their authority can be exercised only by the action of all the trustees." *Id.* Because the trust instrument does not provide that a trustee may unilaterally distribute trust property, unanimous action by the trustees would be required to exercise the decanting right under the statute. *See* NRS 163.556(1) ("a trustee *with discretion or authority to distribute"* may exercise the statutory decanting right) (emphasis added).

The district court erred in ordering a course of action that the trust instrument did not permit and the settlors did not intend.[3] We therefore reverse the district court's order granting Doan's motion to decant

---

[3]We have considered the parties' other arguments and have concluded that they lack merit. It is the parties' "responsibility to cogently argue, and present relevant authority, in support of" their arguments. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). We will not consider issues not so presented. *Id.*

 

the trust and remand the matter for further proceedings consistent with this opinion.

_____, J.
Pickering

We concur:

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

5