Vacated per 9/30/20 order

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF: THE CHRISTIAN FAMILY TRUST U.A.D. 10/11/16 | No. 75750 |

SUSAN CHRISTIAN-PAYNE;
ROSEMARY KEACH; AND RAYMOND
CHRISTIAN, JR.,
Appellants,
vs.
ANTHONY L. BARNEY, LTD; AND
FREDRICK P. WAID,
Respondents.

**FILED**

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order allowing the partial payment of a creditor's claim in a trust action. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.[1]

Settlors Nancy and Raymond Christian, Sr. created The Christian Family Trust[2] (the Trust), naming appellants, three of their children, as co-trustees. After Raymond died, Nancy replaced appellants as

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The Trust refers to Nancy and Raymond as "trustors," whereas Nevada law refers to trustors as "settlors." *See, e.g.*, NRS 163.003 (describing the requirements for a settlor to create a trust). While the terms may be interchangeable, we will only use the term "settlors" in this order. *See Settlor*, Black's Law Dictionary 1650 (11th ed. 2019) (defining "settlor" as one who sets up a trust and providing that a settlor may also be called a "trustor").

20-14596

trustees and appointed her son from a different marriage, non-party Monte Reason, as trustee.[3] Appellants challenged the replacement in district court and Nancy retained respondent law firm Anthony L. Barney, Ltd. (Barney, Ltd.) to represent her. After Nancy's death, Trustee Reason and, after he resigned, successor Trustee Jacqueline Utkin, both approved Barney, Ltd.'s request for payment of its attorney fees and costs for representing Nancy, and, over appellants' objection, the district court ordered $53,031.97 of frozen trust funds be released to pay Barney, Ltd. This appeal followed.[4]

Barney, Ltd. first argues that appellants lack standing to pursue this appeal because they are no longer trustees of the Trust. We disagree. Appellants have standing to appeal because the appealed order reduces the Trust assets available for disbursement to them as beneficiaries. *See In re Estate of Herrmann*, 100 Nev. 1, 26, 677 P.2d 594, 609-10 (1984) (explaining that heirs of an estate are interested parties with a right to contest an award of attorney fees where the award reduces their legacies). Reviewing de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011), we also reject appellants' claim that Barney, Ltd. lacked standing to petition the district court for payment. NRS 132.390 gave Barney, Ltd. standing to bring its claim because it was Nancy's creditor and because both Trustee Reason and Trustee Utkin accepted its

---

[3]Respondent Frederick P. Waid is the current Trustee.

[4]We previously dismissed Barney, Ltd.'s cross-appeal. *See In re Christian Family Tr.*, Docket No. 75750 (Order Dismissing Appeal in Part and Dismissing Cross-Appeal, May 7, 2019).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

claim.[5] *See* NRS 132.390(1)(c)(8) (explaining that "a creditor of the settlor who has a claim which has been accepted by the trustee" is an interested person as to the trust).

Barney, Ltd. also urges that this appeal is moot because the district court unfroze trust assets such that the current Trustee is now free to approve Barney, Ltd.'s request for payment. *See* NRS 155.123 (explaining that the district court may order "an injunction to preserve and protect [trust] assets"). Although Barney, Ltd. is correct that the district court unfroze Trust assets, it does not explain how this renders the instant appeal moot. *See Edwards v. Emperors Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that appellants must "cogently argue, and present relevant authority" to support their claims). And we do not agree that the district court's action rendered this appeal moot as it has no impact on the propriety of using the Trust assets to pay for alleged non-Trust expenses.

The parties do not dispute that Barney, Ltd. was Nancy's personal creditor, not a creditor of the Trust, but they disagree as to whether the Trust allows for payment of Barney, Ltd.'s fees. As this dispute involves trust interpretation and there are no disputed facts, our review is

---

[5]To the extent appellants argue that the Trustees breached their fiduciary duty to protect Trust assets by approving Barney, Ltd.'s request for fees, we decline to reach this argument because it was raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that "[a] point not urged in the trial court . . . will not be considered on appeal").

SUPREME COURT
OF
NEVADA

(O) 1947A

de novo. *In re W.N. Connell & Marjorie T. Connell Living Tr.*, 134 Nev. 613, 616, 426 P.3d 599, 602 (2018).

After reviewing the parties' arguments, we agree with appellants that the Trust does not authorize the payment of Barney, Ltd.'s claim from Trust assets. In addition to being the surviving settlor after Raymond's death, Nancy was also a beneficiary of the Trust with both a discretionary interest in receiving support from trust assets and a mandatory interest as to her possession of the Bluff Point property and certain personal property of Raymond. Although the Trustees approved payment of the claim, Nancy's only monetary interest in the Trust terminated when she died, as the Trust provided for distribution of all Trust assets to the other named beneficiaries once both settlors died. We reject Barney, Ltd.'s argument that the Trust authorized payment to Nancy's creditors because she was a settlor, as the Trust only provided for discretionary payment of the debts of the first settlor to die: Raymond. And to the extent that Barney, Ltd. argues that it should be able to reach Nancy's mandatory possessory interest in certain real and personal property, the district court has not yet adjudicated her estate's claim that she was denied this interest after Raymond's death. *See* NRS 164.025 (explaining the process for a creditor to file a claim in a trust proceeding). Because Barney, Ltd. did not seek payment until after Nancy's death, and because Nancy's estate did not have an interest in the Trust which the district court could reach to satisfy Barney Ltd.'s claim, we conclude that the district court erred by approving the disbursement of Trust funds to pay Barney, Ltd. Because we conclude that reversal of the district court's order

is warranted on this basis, we decline to address appellants' remaining arguments. Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Vincent Ochoa, District Judge
Carolyn Worrell, Settlement Judge
Cary Colt Payne
Anthony L. Barney, Ltd.
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk