# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE CARLOTTA D. MARTIN LIVING TRUST, DATED AUGUST 12, 2004.

No. 74961

FILED

APR 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

---

WILLIAM KILGORE,
Appellant,
vs.
ERIC ST. CLAIR; AND ASHLEY ST. CLAIR,
Respondents.

IN THE MATTER OF THE CARLOTTA D. MARTIN LIVING TRUST, DATED AUGUST 12, 2004.

No. 78568

---

WILLIAM KILGORE,
Appellant,
vs.
ERIC ST. CLAIR; AND ASHLEY ST. CLAIR,
Respondents.

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders concerning the distribution of trust property. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In 2004, Carlotta Martin created a trust. The primary beneficiaries were her son, appellant William Kilgore, and daughter, nonparty Stacey St. Clair. Carlotta also left a bequest to Ashley St. Clair, Stacey's daughter with her husband, Eric. In the original version of the trust, Carlotta left an annual sum of $50,000 per year for ten years to each

surviving child, and $10,000 per year to each surviving grandchild. In 2008, Carlotta amended the trust to provide Ashley with a single bequest of $100,000 and to divide and distribute the remaining trust property equally between William and Stacey. The amendment removed the express survivorship requirement as to William and Stacey, but retained it as to Ashley.

Stacey, who became chronically ill in the years before Carlotta's death, predeceased Carlotta by approximately two months. Shortly after Carlotta's death in May 2014, William, as trustee, paid approximately $50,000 from the trust's bank account to Ashley and Eric each. William also promised them half of the proceeds from the sale of Carlotta's home, which was trust property. The property sold for approximately $650,000 in 2017, and William gave Eric and Ashely an additional $50,000 each. Eric and Ashley thereafter learned William did not intend to pay them the half of the trust funds they believed they were entitled to as Stacey's heirs, and they filed a petition in the district court. Pertinent here, the district court ultimately concluded that Stacey's interest did not lapse upon her death and therefore her share passed to her heirs, and that the trust's bank account did not fall under the trust provision regarding tangible personal property. William challenges these decisions on appeal. After review, we agree with the district court.

We review de novo a district court's interpretation of a trust document. *In re W.N. Connell & Marjorie T. Connell Living Tr.*, 134 Nev. 613, 616, 426 P.3d 599, 602 (2018). In construing a trust, we strive to give effect to the settlor's intent, employing contract principles such as considering the trust as a whole and favoring an interpretation that is fair and reasonable. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

First, we agree with the district court that Stacey's interest did not lapse.[1] Although the 2004 trust imposed an express survivorship requirement on William and Stacey, the 2008 amendment removed that requirement. But, Carlotta preserved the survivorship requirement as to Ashley. These circumstances show that, at the time of Stacey's and Carlotta's deaths, the trust imposed no survivorship requirement on Stacey. Thus, the trust, read as a whole, demonstrates that Stacey's interest did not lapse and instead could pass to her heirs. This interpretation accords with both Nevada law and modern trust principles. *See* NRS 133.200 (applying anti-lapse principles to wills such that if a beneficiary predeceases a testator, the beneficiary's heirs will receive the beneficiary's bequeath, rather than allowing the bequeath to lapse, unless the will states otherwise); *Hannam v. Brown*, 114 Nev. 350, 361-62, 956 P.2d 794, 801-02 (1998) (rejecting an argument that a beneficiary's interest in a trust was a "mere expectancy" that lapsed if the beneficiary predeceased the settlor); Restatement (Third) of Trusts § 49 cmt. a(1) (Am. Law Inst. 2003) (explaining that the law seeks to give effect to the settlor's intent and that, while the common law had rules against a remainder interest in a beneficiaries' heirs, modern law generally no longer recognizes such rules).[2]

---

[1]William's arguments regarding class gifts are misplaced, as the trust did not create a class gift where it specifically named the children and left them each half of the estate. *See* Restatement (Third) of Prop.: Wills and Donative Transfers § 13.2 (Am. Law Inst. 2011) (addressing class gifts).

[2]We need not consider the extrinsic evidence proffered by William. Assuming it was admissible, the parties both contend, and we agree, that the plain language of the trust resolves the questions before this court. *See Sievers v. Zenoff*, 94 Nev. 53, 56, 573 P.2d 1190, 1192 (1978) ("Extrinsic

We likewise agree with the district court that paragraph 4.1 of the trust regarding personal property did not encompass the trust bank account. *See In re Connell Living Tr.*, 134 Nev. at 616, 426 P.3d at 602. Article 4 is titled "distribution of household and personal effects after death of trustor," and paragraph 4.1 is titled "distribution of personal property." Although the title of the paragraph states it governs "personal property," the paragraph read as a whole, and in the context of the title of article 4, demonstrates it addresses tangible personal property. Notably, the first sentence of the paragraph addresses tangible personal property, and the remaining sentences refer back to the first sentence, regarding tangible personal property. Nothing about the paragraph suggests it encompasses the trust's bank account or property other than tangible personal property,[3] and paragraph 12.11(c) of the trust expressly excludes "money" from the definition of tangible personal property. Thus, the district court correctly determined the trust's bank account was not included in personal property that passed to William as the only surviving child under paragraph 4.1.[4] *See* Restatement (Third) of Trusts § 49 cmt. a, a(1) (Am. Law Inst. 2003) (explaining that trust terms regarding beneficiaries' interests are given effect, that words of inheritance are unnecessary to create an equitable

---

evidence is not admissible for the purpose of interpreting clear and unambiguous terms.").

[3]We are not persuaded that paragraphs 4.1 and 5.1 conflict under this interpretation. Paragraph 4.1 addresses tangible personal property, whereas paragraph 5.1 addresses the "[r]emaining [t]rust [e]state."

[4]We have carefully considered William's remaining arguments, and conclude they are without merit under the facts of this case.

interest in fee simple, and that modern law no longer recognizes reversionary rules).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Gloria Sturman, District Judge
     Lansford W. Levitt, Settlement Judge
     Cary Colt Payne
     Jolley Urga Woodbury Holthus & Rose
     Eighth District Court Clerk