# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: THE CHRISTIAN
FAMILY TRUST U.A.D. 10/11/16

No. 75750

SUSAN CHRISTIAN-PAYNE;
ROSEMARY KEACH; AND RAYMOND
CHRISTIAN, JR.,
Appellants,
vs.
ANTHONY L. BARNEY, LTD; AND
FREDRICK P. WAID,
Respondents.

FILED

SEP 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order allowing the partial payment of a creditor's claim in a trust action. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.[1]

Settlors Nancy and Raymond Christian, Sr. created The Christian Family Trust[2] (the Trust), naming appellants, three of their children, as co-trustees. After Raymond died, Nancy replaced appellants as

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The Trust refers to Nancy and Raymond as "trustors," whereas Nevada law refers to trustors as "settlors." *See, e.g.,* NRS 163.003 (describing the requirements for a settlor to create a trust). While the terms may be interchangeable, we will only use the term "settlors" in this order. *See Settlor, Black's Law Dictionary* (11th ed. 2019) (defining "settlor" as one who sets up a trust and providing that a settlor may also be called a "trustor").

20 - 35904

trustees and appointed her son from a different marriage, non-party Monte Reason, as trustee.[3] Appellants challenged the replacement in district court and Nancy retained respondent law firm Anthony L. Barney, Ltd. (Barney, Ltd.) to represent her. After Nancy's death, Trustee Reason and, after he resigned, successor Trustee Jacqueline Utkin, both approved Barney, Ltd.'s request for payment of its attorney fees and costs for representing Nancy, and, over appellants' objection, the district court ordered $53,031.97 of frozen trust funds be released to pay Barney, Ltd. This appeal followed.

Barney, Ltd. first argues that appellants lack standing to pursue this appeal because they are no longer trustees of the Trust. We disagree. Appellants have standing to appeal because the appealed order reduces the Trust assets available for disbursement to them as beneficiaries. *See In re Estate of Herrmann*, 100 Nev. 1, 26, 677 P.2d 594, 610 (1984) (explaining that heirs of an estate are interested parties with a right to contest an award of attorney fees where the award reduces their legacies). Reviewing de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011), we also reject appellants' claim that Barney, Ltd. lacked standing to petition the district court for payment. NRS 132.390 gave Barney, Ltd. standing to bring its claim because it was Nancy's creditor and because both Trustee Reason and Trustee Utkin accepted its claim.[4] *See* NRS 132.390(1)(c)(8) (explaining that "a creditor of the settlor

---

[3]Respondent Frederick P. Waid is the current Trustee.

[4]To the extent appellants argue that the Trustees breached their fiduciary duty to protect Trust assets by approving Barney, Ltd.'s request for fees, we decline to reach this argument because it was raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that "[a] point not urged in the trial court . . . will not be considered on appeal").

Supreme Court
OF
Nevada

(O) 1947A

2

who has a claim which has been accepted by the trustee" is an interested person as to the trust).

Barney, Ltd. also urges that this appeal is moot because the district court unfroze trust assets such that the current Trustee is now free to approve Barney, Ltd.'s request for payment. *See* NRS 155.123 (explaining that the district court may order "an injunction to preserve and protect [trust] assets"). Although Barney, Ltd. is correct that the district court unfroze Trust assets, it does not explain how this renders the instant appeal moot. *See Edwards v. Emperors Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that appellants must "cogently argue, and present relevant authority" to support their claims). And we do not agree that the district court's action rendered this appeal moot as it has no impact on the propriety of using the Trust assets to pay for alleged non-Trust expenses.

The parties do not dispute that Barney, Ltd. was Nancy's personal creditor, not a creditor of the Trust, but they disagree as to whether the Trust allows for payment of Barney, Ltd.'s fees. As this dispute involves trust interpretation and there are no disputed facts, our review is de novo. *In re W.N. Connell & Marjorie T. Connell Living Tr.*, 134 Nev. 613, 616, 426 P.3d 599, 602 (2018).

After reviewing the parties' arguments, we disagree with appellants that the Trust does not authorize the payment of Barney, Ltd.'s claim from Trust assets. Barney, Ltd., as a creditor, brought a claim against the settlor of a trust. A creditor may bring a claim against a settlor from the assets of a trust so long as the settlor's interest in the trust is not purely discretionary. NRS 163.5559(1). Nancy did not solely have a discretionary interest in the Trust. In addition to being the surviving settlor after

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Raymond's death, Nancy was also a beneficiary of the Trust with both a discretionary interest in receiving support from trust assets and a mandatory interest as to her possession of the Bluff Point property and certain personal property of Raymond. Further, the spendthrift provision in the Trust explicitly does not apply to a settlor's interest in the Trust estate. *See generally Matter of Frei Irrevocable Trust Dated October 29, 1996*, 133 Nev. 50, 55, 390 P.3d 646, 651 (2017) (stating that a valid spendthrift provision prevents a beneficiary's creditors from reaching the trust property (citing NRS 166.120(1))). Barney, Ltd.'s claim against the trust was therefore proper.

We reject appellants' argument that Barney, Ltd. had to file a creditor's claim against the settlor while she was alive. The provisions of NRS 164.025 specifically provide for claims against a settlor to be filed after the death of a settlor. *See* NRS 164.025(3),[5] (requiring a creditor to file a claim against a settlor within 90 days from notice that the settlor has died). We also reject appellants' argument that Barney, Ltd. did not follow the applicable procedure to file a creditor's claim. Barney, Ltd. provided written notice of its claim against the Trust to both Trustee Reason and Trustee Utkin within 90 days of receiving notice of Nancy's death, thereby complying with NRS 164.025(3).[6]

---

[5]This statute was amended as of October 1, 2019. *See* 2019 Nev. Stat., ch. 309, § 35, at 1870-71. Any reference to NRS 164.025 in this order refers to the previous version.

[6]The record is unclear as to whether a trustee provided formal notice of Nancy's death to ascertainable creditors as set forth in NRS 164.025(1)-

Although the Trust provides for discretionary payment of the debts of the first settlor to die (Raymond), and is otherwise silent as to the payment of the successor settlor's (Nancy) debts, Trustee Reason and Trustee Utkin had broad authority under the Trust to exercise their discretion in making such a payment.[7] They used this discretionary power to approve payment of Barney, Ltd.'s claim. NRS 163.115(1)(i),[8] generally allows for maintenance of a suit by a beneficiary "[t]o trace trust property that has been wrongfully disposed of and recover the property or its proceeds." Here, however, the Trust language contradicts NRS 163.115(1)(i). Article 12 of the Trust is titled "Exoneration of Persons Dealing with the Trustees" and states as follows:

> No person dealing with the Trustees shall be obliged to see to the application of any property paid or delivered to them or to inquire into the expediency or propriety of any transaction or the

---

(2). However, Barney, Ltd. sent letters to both Trustee Reason and Trustee Utkin within 90 days of Nancy's death.

[7]*See* Christian Family Trust Dated October 11, 2016, Article 10, § 10.1(t) ("The enumeration of certain powers of the Trustees shall not limit their general powers, subject always to the discharge of their fiduciary obligations, and being vested with and having all the rights, powers and privileges which an absolute owner of the same property would have."), Article 11, § 11.1 ("Every election, determination, or other exercise by Trustees of any discretion vested, either expressly or by implication, in them, pursuant to this Trust Agreement, whether made upon a question actually raised or implied in their acts and proceedings, shall be conclusive and binding upon all parties in interest.").

[8]This statute was amended as of October 1, 2019. *See* 2019 Nev. Stat., ch. 309, § 26, at 1863-64. Any reference to NRS 163.115 in this order refers to the previous version.

SUPREME COURT
OF
NEVADA

(O) 1947A

authority of the Trustees to enter into and consummate the same upon such terms as they may deem advisable.

Because Trustee Reason and Trustee Utkin used their broad discretionary power to approve payment to Barney, Ltd. as a creditor of the settlor, and because persons dealing with the trustees are exonerated under Article 12 of the Trust, we conclude that the district court did not err by approving the disbursement of Trust funds to pay Barney, Ltd.'s claim. Based on the foregoing we

ORDER the judgment of the district court AFFIRMED.[9]



_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Vincent Ochoa, District Judge
      Carolyn Worrell, Settlement Judge
      Cary Colt Payne
      Anthony L. Barney, Ltd.
      Hutchison & Steffen, LLC/Las Vegas
      Eighth District Court Clerk

_____

[9]Accordingly, we vacate our April 16, 2020, order of reversal and remand.

SUPREME COURT
OF
NEVADA

(O) 1947A