136 Nev., Advance Opinion 73

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE CHRISTIAN
FAMILY TRUST U.A.D. 10/11/16.

No. 75750

SUSAN CHRISTIAN-PAYNE;
ROSEMARY KEACH; AND RAYMOND
CHRISTIAN, JR.,
Appellants,
vs.
ANTHONY L. BARNEY, LTD.; AND
FREDRICK P. WAID,
Respondents.

**FILED**

DEC 03 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

Appeal from a district court order allowing payment of a creditor's claim in a trust action. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

*Affirmed.*

Cary Colt Payne, Las Vegas,
for Appellants.

Anthony L. Barney, Ltd., and Anthony L. Barney, Tiffany S. Barney, and Zachary D. Holyoak, Las Vegas,
for Respondent Anthony L. Barney, Ltd.

Hutchison & Steffen, LLC, and Russel J. Geist, Las Vegas,
for Respondent Fredrick P. Waid.

20 - 43713

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*[1]

By the Court, HARDESTY, J.:

In this appeal, we consider whether a creditor of a settlor may satisfy its claim against the settlor's trust where the trust does not specifically provide for payment of the claim but the trustees approve the payment. We conclude that a creditor may bring a claim against a settlor of a trust so long as the settlor's interest in the trust is not solely discretionary and there is not a spendthrift provision precluding payment of the claim. Further, where a trust provides broad discretion to its trustees, the trustees may approve a creditor's claim against the trust. Because the creditor's claim here was proper and the trustees were within their broad discretion in approving the claim, we affirm.

## FACTS AND PROCEDURAL HISTORY

Settlors Nancy and Raymond Christian, Sr., created the Christian Family Trust (the Trust),[2] naming appellants, three of their children, as co-trustees. Under the Trust, Nancy and Raymond had a

---

[1]We originally resolved this appeal in an unpublished order of affirmance. Respondent Anthony L. Barney, Ltd., subsequently filed a motion to publish the order as an opinion. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(f).

[2]The Trust refers to Nancy and Raymond as "trustors," whereas Nevada law refers to trustors as "settlors." *See, e.g.*, NRS 163.003 (describing the requirements for a settlor to create a trust). While the terms may be interchangeable, we use the term "settlors" in this opinion. *See Settlor, Black's Law Dictionary* (11th ed. 2019) (defining "settlor" as one who sets up a trust and providing that a settlor may also be called a "trustor").

mandatory interest in all income and principal from their community property and a mandatory interest in the income and principal of his or her own separate property. After the death of one settlor, the Trust provided that the trustee may in his or her discretion "pay . . . the administrative expenses, the expenses of the last illness and funeral of the [d]ecedent and any debt owed by the [d]ecedent." The Trust did not provide a similar provision governing the death of the second settlor.

Raymond died first, which, under the Trust, left Nancy with a discretionary interest in the remaining income of the Trust property and a mandatory interest in the residence. After Raymond died, Nancy removed appellants as trustees and appointed her son from a different marriage, nonparty Monte Reason, as trustee. Appellants challenged the replacement in district court, and Nancy retained respondent law firm Anthony L. Barney, Ltd. (Barney, Ltd.) to represent her. After Nancy's death, Barney, Ltd. sent letters to Trustee Reason and, after he resigned, to successor Trustee Jacqueline Utkin,[3] requesting attorney fees and costs for representing Nancy. Trustee Reason and Trustee Utkin both approved Barney, Ltd.'s request for payment. Over appellants' objection, the district court ordered $53,031.97 of frozen trust funds be released to pay Barney, Ltd. This appeal followed.

## DISCUSSION

*Both parties have standing to maintain this action, and the appeal is not moot*

Barney, Ltd. first argues that appellants lack standing to pursue this appeal because they are no longer trustees of the Trust. We

---

[3]Trustee Utkin has since resigned, and respondent Frederick P. Waid is the current Trustee.

Supreme Court
OF
Nevada

(O) 1947A

3

disagree. Appellants have standing to appeal because the appealed order reduces the Trust assets available for disbursement to them as beneficiaries. *See In re Estate of Herrmann*, 100 Nev. 1, 26, 677 P.2d 594, 610 (1984) (explaining that heirs of an estate are interested parties with a right to contest an award of attorney fees where the award reduces their legacies). Reviewing de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011), we also reject appellants' claim that Barney, Ltd. lacked standing to petition the district court for payment. NRS 132.390 gave Barney, Ltd. standing to bring its claim because it was Nancy's creditor and because both Trustee Reason and Trustee Utkin accepted its claim.[4] *See* NRS 132.390(1)(c)(8) (explaining that "a creditor of the settlor who has a claim which has been accepted by the trustee" is an interested person as to the trust).

Barney, Ltd. also urges that this appeal is moot because the district court unfroze trust assets such that the current Trustee is now free to approve Barney, Ltd.'s request for payment. *See* NRS 155.123 (explaining that the district court may order "an injunction to preserve and protect [trust] assets"). Although Barney, Ltd. is correct that the district court unfroze Trust assets, it does not explain how this renders the instant appeal moot. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that appellants must "cogently argue, and present relevant authority" to support their claims). And we do

---

[4]To the extent appellants argue that the Trustees breached their fiduciary duty to protect Trust assets by approving Barney, Ltd.'s request for fees, we decline to reach this argument because it was raised for the first time on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that "[a] point not urged in the trial court . . . will not be considered on appeal").

not agree that the district court's action rendered this appeal moot, as it has no impact on the propriety of using the Trust assets to pay for alleged non-Trust expenses.

*The Trust allows for payment of Barney, Ltd.'s attorney fees*

The parties do not dispute that Barney, Ltd. was Nancy's personal creditor rather than a creditor of the Trust, but they disagree as to whether the Trust allows for payment of Barney, Ltd.'s fees. As this dispute involves trust interpretation and there are no disputed facts, our review is de novo. *In re W.N. Connell & Marjorie T. Connell Living Tr.*, 134 Nev. 613, 616, 426 P.3d 599, 602 (2018).

After reviewing the parties' arguments, we disagree with appellants that the Trust does not authorize the payment of Barney, Ltd.'s claim from Trust assets. Barney, Ltd., as a creditor, brought a claim against the settlor of a trust. A creditor may bring a claim against a settlor for the assets of a trust so long as the settlor's interest in the trust is not purely discretionary. NRS 163.5559(1) ("[A] creditor of a settlor may not seek to satisfy a claim against the settlor from the assets of a trust if the settlor's sole interest in the trust is the existence of a discretionary power granted to a person other than the settlor. . . ."). Nancy did not have a solely discretionary interest in the Trust. In addition to being the surviving settlor after Raymond's death, Nancy was also a beneficiary of the Trust with both a discretionary interest in receiving support from Trust assets and a mandatory interest as to her possession of the residence and certain personal property of Raymond. Further, the spendthrift provision in the

Trust explicitly does not apply to a settlor's interest in the Trust estate.[5] *See generally Matter of Frei Irrevocable Tr. Dated October 29, 1996*, 133 Nev. 50, 55, 390 P.3d 646, 651 (2017) (stating that a valid spendthrift provision prevents a beneficiary's creditors from reaching the trust property (citing NRS 166.120(1))). Accordingly, we conclude that Barney, Ltd.'s claim against the Trust was therefore proper.

*Barney, Ltd. satisfied the procedural requirements to file a creditor's claim*

We reject appellants' argument that Barney, Ltd. had to file a creditor's claim against the settlor while she was alive. The provisions of NRS 164.025 specifically provide for claims against a settlor to be filed after the death of a settlor. *See* NRS 164.025(3)[6] (requiring a creditor to file a claim against a settlor within 90 days from notice that the settlor has died). We also reject appellants' argument that Barney, Ltd. did not follow the applicable procedure to file a creditor's claim. Upon the death of a settlor, a trustee of a nontestamentary trust may notify known or readily ascertainable creditors that the settlor has died. NRS 164.025(1). A creditor who has a claim against the trust estate must file a claim within 90 days after the first notice. NRS 164.025(2). NRS 164.025(3) reiterates that a person having a claim against a *settlor* must file a claim with the trustee within 90 days of notice. The record before us is unclear as to

---

[5]The settlors were specifically excluded from the spendthrift provision of the Trust. *See* Christian Family Trust Dated October 11, 2016, Article 14, § 14.2 (entitled "Spendthrift Provision" and providing that "[t]his provision shall not apply to a Trustor's interest in the Trust estate").

[6]This statute was amended as of October 1, 2019. *See* 2019 Nev. Stat., ch. 309, § 35, at 1870-71. The references to NRS 164.025 in this opinion are to the previous version.

whether any trustee of the Trust provided formal notice of Nancy's death to ascertainable creditors. Regardless, Barney, Ltd. sent letters to both Trustee Reason and Trustee Utkin within 90 days of Nancy's death notifying them of its claim against her.[7] We conclude that this written notice satisfied the procedural requirements to file a creditor's claim under NRS 164.025(3).

*The Trustees had broad discretion to approve Barney, Ltd.'s claim*

Although the Trust provides for discretionary payment of the debts of the first settlor to die (Raymond) and is otherwise silent as to the payment of the successor settlor's (Nancy) debts, Trustee Reason and Trustee Utkin had broad authority under the Trust to exercise their discretion in making such a payment.[8] They used this discretionary power to approve payment of Barney, Ltd.'s claim. NRS 163.115(1)(i)[9] generally allows for maintenance of a suit by a beneficiary "[t]o trace trust property

---

[7]Nancy passed away on December 14, 2017. Barney, Ltd. sent a letter to Trustee Reason on December 19, 2017, and to Trustee Utkin on January 26, 2018, requesting payment from the Trust for legal work done.

[8]*See* Christian Family Trust Dated October 11, 2016, Article 10, § 10.1(t) ("The enumeration of certain powers of the Trustees shall not limit their general powers, subject always to the discharge of their fiduciary obligations, and being vested with and having all the rights, powers and privileges which an absolute owner of the same property would have."); Article 11, § 11.1 ("Every election, determination, or other exercise by Trustees of any discretion vested, either expressly or by implication, in them, pursuant to this Trust Agreement, whether made upon a question actually raised or implied in their acts and proceedings, shall be conclusive and binding upon all parties in interest.").

[9]This statute was amended as of October 1, 2019. *See* 2019 Nev. Stat., ch. 309, § 26, at 1863-64. The references to NRS 163.115 in this opinion are to the previous version.

that has been wrongfully disposed of and recover the property or its proceeds." Here, however, the Trust language contradicts NRS 163.115(1)(i). Article 12 of the Trust is titled "Exoneration of Persons Dealing with the Trustees" and states as follows:

> No person dealing with the Trustees shall be obliged to see to the application of any property paid or delivered to them or to inquire into the expediency or propriety of any transaction or the authority of the Trustees to enter into and consummate the same upon such terms as they may deem advisable.

Because Trustee Reason and Trustee Utkin used their broad discretionary power to approve payment to Barney, Ltd. as a creditor of the settlor, and because persons dealing with the trustees are exonerated under Article 12 of the Trust, we conclude that the district court did not err by approving the disbursement of Trust funds to pay Barney, Ltd.'s claim.

Accordingly, for the foregoing reasons, we affirm the order of the district court.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Cadish